THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LENA FROSCH, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting the defendant of the crime of conspiracy to obstruct justice and to cheat and defraud, unanimously affirmed. No opinion. Appeal from order denying application for arrest of judgment dismissed. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN P. CUNNINGHAM, Appellant, v. WALTER O. DUNNOCK and FLOSSIE DUNNOCK, Respondents.— This habeas corpus proceeding, instituted by the appellant, the father of a girl eight and one-half years old, to obtain custody of the infant, was referred to an official referee to hear and determine all the issues. The respondents are the infant's maternal grandparents, with whom the infant has resided since birth. The referee, after extended hearings at which all the parties testified and after interviewing the infant with the consent of the parties, determined that it was for the best interests of the infant that she remain in the custody of respondents. Order dismissing the writs, awarding the custody of the infant to the respondents, and granting the relator the right to visit the infant " at all reasonable times wherever said Lois D. Cunningham may be living or sojourning," affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERMAX REALTY CORPORATION, Respondent, v. J. WESLEY BARKER, Assessor of the Village of Peekskill, New York, and ARTHUR F. STRANG, FRED W. OTTE and MAX FELDMAN, Constituting the Board of Review of Said Village, Appellants.—Order denying appellants' motion to quash the writ of certiorari herein and permitting the respondent to amend its petition so as to allege its corporate status, affirmed, with ten dollars costs and disbursements. The procedure with respect to assessment of property in a village is controlled by section 105 of the Village Law. That section does not require a written or verified statement to be filed on grievance day. Section 27 of the Tax Law has no application. That section must be read in connection with the preceding sections in the Tax Law. These sections contain intrinsic evidence that the Tax Law does not relate to villages in so far as assessment of property and the remedy relating thereto are concerned. The failure of the respondent, therefore, to file a written statement did not give rise to any jurisdictional defect in respect of the respondent's right to seek relief by way of certiorari. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAILROAD FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, v. CORNELIUS T. HALPIN, as Assessor of the Town of Harrison, WILLIAM A. WILDING, as Town Clerk of the Town of Harrison, and DAVID R. BARNES, FRED J. PLIMPTON and CLAIRE W. GOODMAN, as the Board of Review of Assessments of the Town of Harrison, Respondents.— Certiorari proceeding to review tax assessment on the relator's property, situated in the town of Harrison, Westchester county. Order of the Special Term denying appellant's motion to confirm the report of the referee, who recommended a reduction in assessment, and dismissing the petition, unanimously affirmed, with fifty dollars costs and disbursements. It is the opinion of this court that the presumption that the assessment is correct has not been overcome by the proof submitted, nor has the appellant sustained the burden of establishing that the assessment, as reduced by the board of review, represents an overvaluation. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.