■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAILROAD FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, against CORNELIUS T. HALPIN, as Assessor of the Town of Harrison, County of Westchester, et al., Appellants. THE PEOPLE OF THE STATE OF NEW YORK ex rel. CENTURY FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, against JOSEPH CARPARELLI, as

Assessor of the Town of Harrison, County of Westchester, et al., Appellants. In the Matter of CENTURY FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, against JOSEPH CARPARELLI, as Assessor of the Town of Harrison, County of Westchester, et al., Appellants.— Appeal from (1) a final order in a consolidated proceeding to review the assessments of the property of respondent, Century Federal Savings and Loan Association, formerly known as Railroad Federal Savings and Loan Association, in the years 1939 to 1950, inclusive, which order reduced the assessments for all the years in question, and (2) the decision upon which said order was entered. Order modified on the law and the facts so as to provide that the assessments made in 1939, 1940 and 1941 represented the actual, fair and true value of respondent's property and the amounts for which the property should be assessed for those years. As so modified, order unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, there was no substantial evidence to show that the value of respondent's property, in 1939, 1940 and 1941, was less than the amount at which it was assessed in 1938, which assessment had been approved in a prior judicial proceeding (*People ex rel. Railroad Fed. Sav. & Loan Assn.* v. *Halpin,* 260 App. Div. 1036) for a review thereof. (Cf. *People ex rel. Hilton* v. *Fahrenkopf,* 279 N. Y. 49.) Respondent therefore failed to sustain the burden of showing that the assessments in those years were excessive. (Cf. *People ex rel. Del Bello* v. *Lennox,* 275 App. Div. 787, affd. 301 N. Y. 564.) However, there was evidence of changed conditions in the following years and credible proof to support the finding of the referee, confirmed by the Special Term, that the assessments in the years 1942 to 1950 were erroneous and should be reduced to the amounts stated. (Cf. *People ex rel. Home Owners' Loan Corp.* v. *Hascy,* 265 App. Div. 834.) Sales of real property in the tax district during the years in which the assessments under review were made could properly be considered even though they occurred subsequent to the taxable status dates (Tax Law, § 293), as could other sales subsequent to those dates if they shed light upon the actual value as of the taxable status dates (cf. *People ex rel. Four Park Ave. Corp.* v. *Lilly,* 265 App. Div. 68, 69). Appeal from decision dismissed, without costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ. Settle order on notice.