■ SHARWILL GARDENS, INC., Respondent, v. CLO CALISTRI et al., Constituting the Board of Assessors of the City of Ithaca, Appellants. AURORA HEIGHTS, INC., Respondent, v. CLO CALISTRI et al., Constituting the Board of Assessors of the City of Ithaca, Appellants.— Appeal from an order of the Supreme Court which, in a proceeding under article 7 of the Real Property Tax Law, reduced certain assessments. The order adopted the findings of a Referee who rendered an especially careful, complete and well-reasoned report which we approve and find fully supported by preponderant evidence. The subjects of the proceedings are two garden-type apartment projects, Aurora Heights, Inc., and Sharwill Gardens, Inc. The Referee found that no market existed for properties of this nature — and this appellants concede — and thereupon gave consideration to and computed both reproduction cost and rental value. Upon determining rental value by accepted capitalization of income procedures, calculating the same upon competent and adequate accounting data which he was completely warranted in accepting, and by application of an 8% rate of return and a 2% depreciation factor, each of which he justified, the Referee arrived at values of $389,620 and $421,001 for Aurora Heights and Sharwill Gardens, respectively. These the Referee found to be the true and full values, on the thesis that neither of these income-producing properties would attract a buyer at a price in excess of the amount thus found to be its rental value. To the true values found, the Referee properly applied the equalization rate stipulated by the parties. The Referee also determined reproduction costs plus land values, upon sufficient evidence and

according to recognized methods; and finding these in each instance substantially higher than the corresponding rental value, gave no effect to them; since he had, as we have indicated, properly determined that in each case the full value was no greater than the rental value. The latter is, of course, " a most important factor for consideration in determining ' the full value' thereof for tax assessment purposes " (*Matter of Pepsi-Cola Co.* v. *Tax Comm. of City of N. Y.*, 19 A D 2d 56, 60); and in this case, and particularly in the absence of any market, the Referee was warranted in giving rental value conclusive effect. Consequently, he was justified in giving no determinative effect to reproduction cost (which is ordinarily confined to specialities) after establishing it to test the maximum limit of value assessable under any circumstance. (*Matter of City of New York* [*Lincoln Sq. Slum Clearance Project*], 15 A D 2d 153, 171, affd. 12 N Y 2d 1086.) The stipulation which appellants question was that the equalization rate of 76% was " applicable to all real property in the City of Ithaca" and thus clear beyond dispute. Contrary to appellants' additional contention, there was no change of position (see *Matter of Stevens* v. *Near*, 202 Misc. 324) as between respondents' grievance day appearance and complaint and the contentions raised in this proceeding, that is, as between respondents' submission of an appraisal by one person on the first occasion and their production of proof of value before the Referee by other witnesses. Neither do we find any basis for the assertion that because the Wenslick reproduction figures were allegedly but 90% of true value, the Referee's utilization of them was prejudicial error; but in any event and as has been indicated, reproduction costs did not enter into the ultimate determination. Appellants' additional contentions seem to us equally unsubstantial. Order affirmed, with costs to respondents. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.