■ In the Matter of NORMAN D. MCNAMARA et al., Respondents, v. BOARD OF ASSESSORS OF THE TOWN OF PREBLE, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered December 14, 1971 in Cortland County, which denied appellant's motion to dismiss a petition for review of assessment pursuant to CPLR 3211 (subd. [a], par. 7). Respondents in a verified petition instituted pursuant to article 7 of the Real Property Tax Law allege that the 1971 assessment of their real property is erroneous and illegal by reason of overvaluation and inequality. They contend that the property which was assessed at $14,000 has a true value of not more than $11,250, and the assessment should be reduced to $9,000 in order to be proportionate with the other assessments in the taxing district. Annexed to the petition and made a part thereof is respondents' application for revision of the assessment showing the amount expended by them for the lot and improvements and listing some of the assessments on the same roll as to which it is contended such inequality exists. Appellants moved to dismiss the petition on the ground that it fails to state a cause of action. As a part of their moving papers they submit an affidavit of the town supervisor with an attached appraisal showing the valuation of the subject property to be $14,500. Their primary contention on this appeal is that respondents have failed to rebut the presumption that the assessment made by the assessors is not excessive, citing *People ex rel. Wallington Apts.* v. *Miller* (288 N. Y. 31). As the court said in that case (p. 33): "'the presumption of correctness' is merely another way of saying that the burden of proof in a proceeding to review an assessment is on the relator-taxpayer". On a motion to dismiss, this presumption is not applicable. We need only decide whether or not the petition is sufficient

so that if the truth of all the facts therein is conceded, the court could grant judgment to the petitioner. The petition meets the requirements of section 706 of the Real Property Tax Law and is, therefore, sufficient. (See *People ex rel. Ward* v. *Sutton*, 230 N. Y. 339.) Although extrinsic matter may be considered on the motion since the petition in the instant case states the extent of overvaluation, the appraisal submitted by appellants merely creates an issue of fact. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.