■ In the Matter of E. L. NEZELEK DEVELOPMENT CORP., Appellant, v

CITY OF BINGHAMTON, Respondent.—Appeal from a judgment of the Supreme Court, entered January 5, 1977 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to article 7 of the Real Property Tax Law, seeking a reduction of realty tax assessments. Real property assessments are presumed valid and the challenger has the burden of proving by clear and convincing evidence the erroneousness of the levy (*Matter of Cannon Point North v Tax Comm. of City of N. Y.,* 30 AD2d 522; see, also, *Matter of McNamara v Board of Assessors of Town of Preble,* 39 AD2d 817; *Matter of Putnam Theat. Corp. v Gringold,* 16 AD2d 413, 419; *People ex rel. Railroad Fed. Sav. & Loan Assn. v Halpin,* 4 AD2d 956, 957, revd on other grounds, 5 NY2d 925). That burden, with respect to commercial property, can be met, as here, by proof of income or rent from bona fide leases which, when capitalized, establishes true value of the subject property. The petitioner's proof of negotiated leases and income and expense statements indicated that the full value of the subject realty was $480,000 in 1973, $475,000 in 1974 and $460,000 in 1975. Inherent in such values is lease income or gross rental income of the available rental space, sometimes referred to as economic rent income, of $189,558 for 1973 and $196,855 for both 1974 and 1975. The respondent city claims the rental value or economic rent of the property for each of the three years was $279,960, which, when capitalized, established a true value of the realty for each of the three years at $1,000,000. The trial court accepted the gross rental values of respondent city as established by alleged comparable rentals in the same area, and rejected petitioner's proof of such values as evidenced by actual leases of the rental property. The court reasoned as follows: "The appraiser for the owner * * * has used actual rents paid by those * * * tenants without further inquiry or documentation concerning the fair rental value or economic rent value of this space * * *. *He offered no relevant evidence that the rents actually paid * * * are related in any way to the economic rental value of the space."* (Emphasis added.) While actual rent received under a lease, whether favorable or unfavorable to the owner, is not the sole criterion of true value, it is an *important* and *relevant* guide in determining the fair rental value, which, when properly capitalized, is the best evidence of full value for assessment purposes (Real Property Tax Law, § 306; *Sharwill Gardens v Calistri,* 20 AD2d 842). Bona fide rentals paid by tenants are highly significant in determining true value (*Matter of Pepsi-Cola Co. v Tax Comm. of City of N. Y.,* 19 AD2d 56). Indeed, this court, in *Matter of Dunn Garden Apts. v Commissioner of Assessment & Taxation of City of Troy* (11 AD2d 879), while recognizing that rental income is not the sole factor in fixing assessments, noted that such income is both *material* and *important* to the formula employed. Here, the petitioner offered such proof and it should not have been completely discounted because unaccompanied by proof of comparable rentals. Further, the proof of comparable rentals offered by respondent and accepted by the court was substantially shown to be speculative, particularly as to the "bank" portion of the premises. Accordingly, the court's finding that the gross rental value proffered by respondent represented the true value of the subject premises is against the weight of the evidence. Judgment reversed, on the law and the facts, without costs, and a new trial ordered. Mahoney, P. J., Main, Larkin and Herlihy, JJ., concur; Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). Assuming petitioner's opinion of value was prima facie sufficient to call the validity of respondent's higher assessment into question, it does not follow that dissatisfaction with respondent's contrary appraisal, even if warranted, elevates that opinion to a clear and

convincing demonstration of invalidity. Petitioner's income approach utilizing actual rentals concludes that by 1973 the subject property was worth slightly less than $500,000, or about half of its assessed valuation. However, petitioner acknowledges that the property and its present structure was finally readied for occupancy in 1966 at a total cost of approximately $1,200,000. Such a remarkable diminution in apparent value over the intervening seven years plainly suggests that the original investment was ill-advised or, more likely, that the later appraisal was inaccurate. In either case, the matter would demand an explanation before that appraisal could be accepted as clear and convincing evidence on the claimed inappropriateness of the assessment. I do not regard the trial court's comments as completely disregarding actual rents, but view them instead as a proper evaluation of the merits in light of respondent's proof of higher economic rents as developed from leases of comparable space. Economic factors might account for the sudden devaluation of property; if so, that was a subject for petitioner to pursue. Discounting respondent's justification for the assessment in its entirety does not place petitioner's appraisal in any superior position, particularly when an adequate reconciliation of the known circumstances was not presented. In my opinion, this proceeding involved nothing more than a fairly typical conflict between opposing experts, neither of whom was beyond criticism, and I discern no legal or factual reason to disturb the trial court's resolution of the dispute. The judgment should be affirmed.