■ 50 FRONT STREET CORPORATION, Appellant, v ELLSWORTH W. DEARBORN et al., Respondents. (And Another Proceeding.)—Appeal from a judgment of the Supreme Court at a Trial Term, entered August 28, 1978 in Broome County, which dismissed petitioner's applications, in proceedings pursuant to article 7 of the Real Property Tax Law, seeking a reduction of realty tax assessments. In 1973, petitioner acquired an improved parcel of land in the City of Binghamton and thereafter converted it for use as an adult care facility. Its challenges to respondents' 1975, 1976 and 1977 tax assessments were rejected following a trial of the issues. We have examined the various contentions advanced by petitioner in support of reversal and conclude that they lack merit. These proceedings developed a typical pattern of conflicting evidence. Although the assessments during the tax years

in question indicated that the property had a value of between 2.5 and 2.7 million dollars, petitioner's expert appraised it at less than 2 million dollars, while respondents' appraiser opined that it was worth approximately 2.8 million dollars. The witnesses were subjected to lengthy cross-examinations which revealed certain weaknesses in their respective positions. The trial court, after hearing these proofs, decided that petitioner had failed to establish the excessiveness of the assessments by the accepted standard of clear and convincing evidence (see *Matter of Nezelek Dev. Corp. v City of Binghamton,* 61 AD2d 1108; *Matter of Canon Point North v Tax Comm. of City of N. Y.,* 30 AD2d 522). In attacking the methods and conclusions of respondents' appraiser on this appeal, petitioner seems to overlook its own burden. The opposing experts principally relied on the income approach to valuation, but it does not follow that an error on the part of respondents' witness proves the validity of petitioner's claims. Even if we were to accept all of the criticisms leveled at the appraisal offered to uphold the assessments, and we do not, petitioner would not be entitled to relief unless it could affirmatively demonstrate that the disputed assessments were clearly wrong. This, as the trial court found, it has failed to do. Petitioner's evidence was deficient in several respects, particularly in its failure to document in detail the costs of acquisition and conversion, and other factors contained in this record, though perhaps of little weight, tend to support the assessments actually made. Accordingly, we discern no reason to upset the present judgment. Judgment affirmed, with costs. Kane, Main, Mikoll and Herlihy, JJ., concur; Greenblott, J. P., not taking part.