■ In the Matter of DOUGLAS LAMOS et al., Appellants, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF ARGYLE et al.,

Respondents. [599 NYS2d 886] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered November 1, 1991 in Washington County, which dismissed petitioners' application, in a proceeding pursuant to RPTL article 7, to review a determination of respondents denying petitioners' request for a real property agricultural tax exemption.

On this appeal petitioners attack respondents' denial of their 1989 request for a real property agricultural tax exemption pursuant to RPTL 483 for a 50,000 square-foot glass greenhouse they owned and used exclusively for the production of hydroponic vegetables in the Town of Argyle, Washington County. As a result of this denial petitioners applied for a commercial building exemption which was granted. In February 1991 petitioners again requested a tax exemption for their greenhouse which was denied in May 1991 because of their alleged failure to "satisfy the agricultural production requirement". Petitioners then filed a complaint with respondent Board of Assessment Review (hereinafter the Board) which, after a hearing, denied the application for a tax exemption.

Petitioners next commenced the instant proceeding, characterized as a combined RPTL article 7 and CPLR article 78 proceeding, by service of a notice of petition and petition seeking review of the determination. The petition alleged, *inter alia,* that the determination was illegal and excessive. Respondents moved to dismiss the petition on the grounds that the 1991 exemption application was not made within one year from the date the greenhouse was completed and the right to attack the 1989 application was therefore time barred. Petitioners countered with the argument that because the greenhouse was reconstructed in April 1990, this proceeding was timely brought. Supreme Court ruled, *inter alia,* that the RPTL article 7 proceeding should be dismissed because of the failure to allege the elements necessary for such a proceeding. Supreme Court also held that the CPLR article 78 proceeding was not timely as to the 1989 application and that, although the 1991 application was timely, petitioners failed to show that its denial was arbitrary or capricious. The court, therefore, dismissed the petition. This appeal by petitioners ensued.

Initially, we note that a CPLR article 78 proceeding is not a proper vehicle by which to challenge the denial of the RPTL 483 exemption as petitioners do not attack the method or jurisdiction of the taxing authority or the constitutionality of the tax *(see, Matter of Krugman v Board of Assessors,* 141 AD2d 175). Further, as petitioners could not claim a full

exemption in 1991, but only a partial exemption to the extent of any increase in value due to the reconstruction, the sole avenue for review of the tax assessment is a proceeding pursuant to RPTL article 7 *(see, e.g., Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg,* 78 NY2d 194, 204).

Supreme Court properly held that a challenge to the denial of the 1989 application was time barred. There was no evidence that petitioners filed for administrative review pursuant to RPTL 524 or commenced an RPTL article 7 proceeding attacking the denial of their request within the required 30-day period (RPTL 702). Because petitioners did not "timely pursue" their remedies, they are now precluded from challenging the denial of the 1989 application *(see, Matter of Twenty First Point Co. v Town of Guilderland,* 101 AD2d 407, 409, *affd on opn below* 64 NY2d 954).

Supreme Court improperly dismissed that portion of the petition seeking RPTL article 7 relief on the ground that the petition "failed to set forth the necessary elements required in an Article 7 proceeding". This was not the proper test in determining this motion to dismiss. The proper inquiry is whether, if the facts alleged were conceded and deemed to be true, the court could grant judgment in favor of petitioners *(see, Matter of McNamara v Board of Assessors,* 39 AD2d 817; *see also, Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936). The instant petition alleged that the greenhouse was essential to agricultural and horticultural production and constructed or reconstructed between January 1, 1969 and January 1, 1999 (RPTL 483 [1]), that over five acres of land were devoted to such use for the required time periods (RPTL 483 [3]) in a profit-seeking activity (RPTL 483 [2]) and that petitioners filed the necessary applications within the time periods prescribed (RPTL 483 [4]). An opinion of the State Board of Equalization and Assessment states that a building used as a "hydroponic garden" (2 Opns Counsel SBEA No. 18, at 24; *see,* 2 Opns Counsel SBEA No. 24, at 35-36) could qualify for an exemption *(see,* RPTL 483 [2]) as long as the other requirements of RPTL 483 are satisfied. Thus, as the allegations of the petition are sufficient to warrant RPTL article 7 review, it was error for Supreme Court to dismiss that portion of the petition seeking such review and the court's order should be modified accordingly.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion

to dismiss that portion of the petition asserting allegations under RPTL article 7 relating to the 1991 assessment; said motion denied to said extent; and, as so modified, affirmed.