[618 NYS2d 138]

WILLIAM L. JUNE, JR., et al., Appellants, v JAMES LARIS et al., Respondents. (And a Third-Party Action.)

Third Department, November 3, 1994

**APPEARANCES OF COUNSEL**

*Mary J. Kenny,* Camillus, for appellants.

*Mackenzie, Smith, Lewis, Michell & Hughes,* Syracuse *(Barney F. Bilello* of counsel), for James Laris, respondent.

*Hancock & Estabrook,* Syracuse *(Alan J. Pierce* of counsel), for Carmel Chemical Corporation, respondent.

*Weitz & Luxenberg, P. C.,* New York City *(William D. Fireman* of counsel), for Trial Lawyers for Public Justice, P. C., *amicus curiae.*

**OPINION OF THE COURT**

MERCURE, J.

On July 24, 1991, plaintiff William L. June, Jr. (hereinafter June), Chief of the North Chittenango Volunteer Fire Department, responded to a fire call at defendant James Laris' farm at the intersection of Chestnut Ridge Road and Black Creek Road in the Village of Chittenango, Madison County. Near the intersection, June encountered a dense "smoke" cloud, later determined to be a thick pesticide fog caused by Laris' application of the insecticide formula MU-17. June suffered personal injuries as a result of his exposure to MU-17. Plaintiffs commenced this action against Laris and defendant Carmel Chemical Corporation (hereinafter Carmel), the manufacturer of MU-17. As against Laris, plaintiffs' amended complaint sets forth causes of action in negligence, failure to warn and strict liability for ultrahazardous activity. Plaintiffs also allege that Carmel negligently manufactured and distributed MU-17 and failed to warn June, among others, as to the hazards, risks and proper method for applying the chemical.

Following joinder of issue and discovery, defendants moved for summary judgment dismissing the amended complaint and all cross claims. Plaintiffs opposed the motions and cross-moved for leave to serve a second amended complaint to include a cause of action pursuant to General Municipal Law § 205-a against Laris and to amplify their negligence cause of action against Carmel. Supreme Court granted defendants' motions for summary judgment and denied plaintiffs' cross motion to serve a second amended complaint (158 Misc 2d 881). Plaintiffs appeal.

■ Initially, Laris argues that plaintiffs' negligence and failure to warn causes of action are barred by the principles enunciated in *Cooper v City of New York* (81 NY2d 584)

inasmuch as June's injuries were sustained in his capacity as a volunteer firefighter. We agree. It is a long-standing common-law rule—known as the "fireman's rule"—that a firefighter is barred as a matter of law from recovering damages for injuries sustained while confronting dangers associated with the performance of official duties *(see, Cooper v City of New York, supra,* at 588-589; *Santangelo v State of New York,* 71 NY2d 393, 396-398; *Kenavan v City of New York,* 70 NY2d 558, 566; *Raquet v Braun,* 201 AD2d 910, *lv granted* 84 NY2d 803),* whether the firefighter is a paid public servant or, as here, an unpaid volunteer *(see, Fiola v Korman,* 189 AD2d 798, 799).* In *Cooper v City of New York (supra,* at 590), the Court of Appeals observed that "the determinative factor is whether the injury sustained is related to the particular dangers which police officers [or firefighters] are expected to assume as part of their duties".

The danger of being exposed to unhealthy substances while investigating a smoke condition and suspected fire, as here, is one of the particular dangers that firefighters are expected to assume as part of their duties *(see generally, Ruocco v New York City Tr. Auth.,* 204 AD2d 76). In these circumstances, Laris cannot be held liable for creating or failing to warn of the condition that prompted the need for the firefighter's services and resulted in June's inhalation-related injuries *(see, Santangelo v State of New York, supra,* at 397; *Morrisey v County of Erie,* 198 AD2d 839, *lv dismissed* 83 NY2d 942). Nor do the authorities relied upon by plaintiffs, including *McGee v Adams Paper & Twine Co.* (26 AD2d 186, *affd on opn below* 20 NY2d 921) and *Jenkins v 313-321 W. 37th St. Corp.* (284 NY 397), premised on the now-rejected "separate and distinct" exception *(see, Cooper v City of New York,* 81 NY2d 584, 589-590, *supra),* require a different result.

◼ Plaintiffs' strict liability cause of action against Laris must also be dismissed. Even assuming that such claim is not barred by the "fireman's rule" *(see generally, Benjamin v Sodus Cold Stor. Co.,* 149 AD2d 937, 938; Annotation, *Products Liability: "Fireman's Rule" as Defense,* 62 ALR4th 727), the fact remains that MU-17 has been Federally approved since 1966 and, although posing certain risks if improperly applied *(see,* 7 USC § 136 [bb]; § 136a [c] [5] [C], [D]), its application on Laris' farm cannot be considered an abnormally dangerous activity requiring the imposition of strict liability *(see, Mikula v Duliba,* 94 AD2d 503; *Bennett v Larsen Co.,* 118 Wis 2d 681,

348 NW2d 540 [pesticide spraying not ultrahazardous activity]; Restatement [Second] of Torts § 520).

We now turn to plaintiffs' argument that Supreme Court erred in holding that the Federal Insecticide, Fungicide and Rodenticide Act *(see,* 7 USC § 136 *et seq.;* hereinafter FIFRA) preempts plaintiffs' failure to warn cause of action against Carmel. We reject plaintiffs' contention that the proscription of 7 USC § 136v (b) covers State regulation only and not State common-law claims. First, the plain language of FIFRA's preemption provision prohibiting a State from imposing "any requirements for labeling or packaging in addition to or different from those required under this Act" (7 USC § 136v [b]) is equivalent to directing that "no" requirements may be imposed by States *(see, Shaw v Dow Brands,* 994 F2d 364, 370-371; *Arkansas-Platte & Gulf Partnership v Van Waters & Rogers,* 981 F2d 1177, 1179, *cert denied sub nom. Arkansas-Platte & Gulf Partnership v Dow Chem. Co.,* — US —, 114 S Ct 60), including actions at common law *(see, Cipollone v Liggett Group,* 505 US —, —, 112 S Ct 2608, 2620). Second, FIFRA, primarily a pesticide licensing and labeling law as enacted, was completely revised in 1972 to authorize regulation of most aspects of the development, manufacture, sale and use of pesticides *(see, Warner v American Flouride Corp.,* 204 AD2d 1), and the legislative history of the 1972 amendments supports our conclusion that Congress intended to accomplish a comprehensive regulatory scheme in which the Environmental Protection Agency Administrator would be responsible for determining whether to register a pesticide and, if so, under what circumstances *(see,* Senate Rep No. 92-970, 92d Congress, 2d Sess, reprinted in 1972 US Code Cong & Admin News 3993, 4092-4096; *see also, King v DuPont de Nemours & Co.,* 996 F2d 1346, 1349, *cert dismissed* — US —, 114 S Ct 490).

To be sure, prior to the decision of the United States Supreme Court in *Cipollone v Liggett Group* (505 US —, 112 S Ct 2608, *supra),* courts were divided over the issue of whether 7 USC § 136v (b) preempts State tort claims premised upon the failure to provide adequate warnings *(compare, Ferebee v Chevron Chem. Co.,* 736 F2d 1529, *cert denied* 469 US 1062, *with Papas v Upjohn Co.,* 926 F2d 1019, *vacated sub nom. Papas v Zoecon Corp.,* — US —, 112 S Ct 3020). In *Cipollone v Liggett Group (supra),* the preemption provision of the Public Health Cigarette Smoking Act of 1969 provided that " '[n]o requirement or prohibition based on smoking and health shall

be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this Act' " (505 US, *supra,* at —, 112 S Ct, *supra,* at 2617, quoting 15 USC § 1334 [b]). The Supreme Court concluded that the act expressly preempted State law action, whether based on State statutory law or common law, finding that the phrase "[n]o requirement or prohibition" sweeps broadly and suggests no distinction between positive enactments and common law (505 US, *supra,* at —, 112 S Ct, *supra,* at 2620).

Based upon the plain language of FIFRA's preemption provision and the legislative history of the statute, we join the Second Department *(see, Warner v American Flouride Corp., supra)* and the vast majority of other courts that have considered the issue since the decision in *Cipollone* in holding that the failure to warn cause of action against Carmel must be dismissed as preempted by Federal law *(see, supra; Worm v American Cyanamid Co.,* 5 F3d 744; *King v DuPont de Nemours & Co., supra; Shaw v Dow Brands, supra; Papas v Upjohn Co.,* 985 F2d 516, *cert denied sub nom. Papas v Zoecon Corp.,* — US —, 114 S Ct 300; *Arkansas-Platte & Gulf Partnership v Van Waters & Rogers,* 981 F2d 1177, 1179, *supra; Bingham v Terminix Intl. Co.,* 850 F Supp 516). It is clear that an action that seeks to recover damages under State law, claiming inadequate pesticide warning labels, "comes within the ambit of FIFRA's bar against the imposition of 'any requirements for labeling or packaging in addition to or different from those required' by the Act" *(Warner v American Fluoride Corp., supra,* at 13, quoting 7 USC § 136v [b]).

■ Plaintiffs next argue that Supreme Court erred in denying their cross motion to amend their complaint to include a cause of action against Laris predicated on General Municipal Law § 205-a. We disagree. In our view, Supreme Court properly denied plaintiffs' motion to add a cause of action based on Laris' violation of Penal Law §§ 120.20 (reckless endangerment in the second degree), 120.00 (3) (assault in the third degree) and § 240.45 (criminal nuisance in the second degree), as well as ECL 33-1301 (8) and 6 NYCRR 325.2. General Municipal Law § 205-a "affords firefighters protection from those premises harboring violations of safety provisions that create hazards additional to those that firefighters already face in their profession" *(Kenavan v City of New York,* 70 NY2d 558, 567, *supra).* Here, the provisions of the Penal Law and ECL and regulations relied upon by plaintiffs in their

proposed amended complaint as predicates for liability under General Municipal Law § 205-a are not statutes or regulations "primarily concerned with the averting of fire hazards or with the enhancing of the fire safety of buildings" *(Sutherland v Hallen Constr. Co.,* 183 AD2d 887, 889, *lv dismissed* 81 NY2d 783).

We have considered plaintiffs' other arguments and find them meritless.

CARDONA, P. J., MIKOLL, WHITE and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, with one bill of costs.