■ RUSSELL SIRICO et al., Appellants, v BECKERLE LUMBER SUPPLY CO., INC., et al., Respondents. [642 NYS2d 55] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated April 6, 1995, which, upon granting the separate motions of the defendants Commonwealth Wood Preservers, Inc., Koppers Company, Inc., and Hickson Corporation, and the defendant Beckerle Lumber Supply Co., Inc., respectively, to renew or reargue the denial of their respective motions for summary judgment dismissing the complaint, granted their respective motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

All but one of the plaintiffs' causes of action, regardless of how they were pleaded, are premised upon the defendants' alleged failure to adequately label certain products and warn of the potential safety hazards associated with Chromated Copper Arsenate, and are therefore preempted by the Federal Insecticide, Fungicide, and Rodenticide Act (hereinafter FIFRA) (7 USC § 136 *et seq.; see also, Warner v American Flouride Corp.,* 204 AD2d 1).

Although the FIFRA does not preempt the cause of action based on negligent testing of the pesticide or of the lumber in which the pesticide was impregnated (*see, Warner v American Flouride Corp., supra; Worm v American Cyanamid Co.,* 5 F3d 744, 749; *Bingham v Terminix Intl. Co.,* 850 F Supp 516; *Burke v Dow Chem. Co.,* 797 F Supp 1128, 1148; *Wallace v Parks Corp.,* 212 AD2d 132), such an action cannot be asserted against the defendant Beckerle Lumber Supply Co., Inc., which was the retail distributor of the wood (*see, Alfieri v Cabot Corp.,* 17 AD2d 455, *affd* 13 NY2d 1027). With respect to the remaining defendants, the plaintiffs failed to submit any evidentiary proof in support of this cause of action. Under these circumstances,

the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.