[683 NYS2d 619]

Doris L. Tyler et al., Respondents, v Dow Chemical Company, Inc., et al., Defendants, and Terminix International, Inc., et al., Appellants.

Third Department, December 30, 1998

### APPEARANCES OF COUNSEL

*Pemberton & Briggs,* Schenectady (*Lawrence S. Ebner* of *McKenna & Cuneo,* Washington, D.C., of counsel), for appellants.

*LaFave & Associates,* Delmar (*Patrick J. Higgins* of counsel), for respondents.

### OPINION OF THE COURT

GRAFFEO, J.

Plaintiff Mearion C. Tyler (hereinafter Tyler) hired defendants Terminix International, Inc. and Terminix International Company, L.P. (hereinafter collectively referred to as Terminix) to treat his home for termites in September 1994. The process included injecting an insecticide known as Dursban TC into various parts of the interior and exterior of plaintiffs' residence. Tyler contends that prior to the treatment, he advised Terminix that his wife and infant daughter suffered from asthma and other respiratory ailments and that he was concerned that the insecticide might exacerbate their conditions. He indicated that he did not want the treatment if it could harm his wife or daughter. Tyler alleges that Terminix representatives assured him on two separate occasions that application of the chemicals and resulting fumes would have no detrimental health effects and that they could safely return to their home five hours after the treatment was completed. When plaintiffs reentered their home approximately 10 hours after application, however, Tyler's wife and daughter experienced immediate adverse reactions and were ultimately diagnosed with various throat, bronchial and respiratory conditions allegedly due to the exposure to high levels of Dursban. Tyler also claims to have suffered from the effects of an exposure to Dursban.

Plaintiffs commenced this action against Terminix and others alleging, *inter alia,* causes of action based upon breach of express warranty, negligent application of Dursban, fraud and misrepresentation. Terminix cross-moved for summary judgment dismissing the complaint to the extent that it alleged causes of action for failure to warn based on the Federal

Insecticide, Fungicide, and Rodenticide Act (hereinafter FIFRA; *see*, 7 USC § 136 *et seq*.). Supreme Court denied the motion finding that FIFRA preempted only those failures to warn based upon inadequate labeling or packaging of pesticide products and, moreover, indicated that FIFRA did not apply to claims asserted against pesticide applicators such as Terminix. Terminix now appeals.

FIFRA was enacted as a comprehensive statutory scheme for the regulation of pesticide use, sales and labeling, and "preempt[s] conflicting state law causes of action that impose a duty to provide a warning in addition to or different from federally established labeling requirements" (*Worm v American Cyanamid Co.*, 5 F3d 744, 745; *see, Cipollone v Liggett Group*, 505 US 504; *June v Laris*, 205 AD2d 166, *lv dismissed and denied* 85 NY2d 955). Thus, where a cause of action requires proof that a product's packaging and labeling should have included additional, different or more clearly stated warnings than those required by FIFRA, it is preempted by FIFRA provisions (*see, Worm v American Cyanamid Co., supra*; *Oeffler v Miles, Inc.*, 241 AD2d 822).

Initially, Terminix contends that Supreme Court erred in ruling that FIFRA did not preempt plaintiffs' action based upon Terminix's status as a pesticide applicator. We agree on this point (*see, Oeffler v Miles, Inc., supra*; *Sirico v Beckerle Lbr. Supply Co.*, 227 AD2d 396), but affirm Supreme Court's ruling on this issue on other grounds.

Although Terminix acknowledges that FIFRA does not preclude causes of action premised upon a breach of express warranty and misapplication of Dursban, it argues that plaintiffs' causes of action are essentially duty to warn claims notwithstanding plaintiffs' attempts to mask their true nature, and are therefore preempted. Terminix asserts that plaintiffs' allegations based upon the assurances regarding the safety of the product is, in essence, a claim that warnings in addition to those imposed by FIFRA should have been provided. Plaintiffs, however, contend that Terminix's assurances constituted an express warranty that it voluntarily assumed and, as such, the allegations are not tantamount to a failure to warn claim contemplated by FIFRA.

Although we recognize that claims inaccurately described which are, in actuality, based on failure to warn are preempted by FIFRA (*see, Bingham v Terminix Intl. Co.*, 896 F Supp 642), we find that plaintiffs have set forth a viable breach of express warranty cause of action. Plaintiffs' claim does not allege that

Terminix breached its duty to provide additional warnings; rather, plaintiffs' central contention is that Terminix, upon being notified of the particular medical conditions of plaintiffs, made affirmative, voluntary and unequivocal representations that no adverse health effects would be experienced by plaintiffs. This situation is dissimilar from cases in which plaintiffs merely allege that they should have been informed of additional dangers not set forth on labels (*see, e.g., Bingham v Terminix Intl. Co.*, 896 F Supp 642, *supra*). Instead, this claim originates from breach of express warranty allegations and does not attempt to impose any different or additional labeling requirements (*see, Worm v American Cyanamid Co., supra*), and therefore the cause of action survives FIFRA preemption (*see, Cipollone v Liggett Group*, 505 US 504, *supra*; *ISK Biotech Corp. v Douberly*, 640 So 2d 85 [Fla]; *Walker v American Cyanamid Co.*, 130 Idaho 824, 948 P2d 1123).

To the extent that plaintiffs' action is based on the failure to properly apply the pesticide, such a claim is also not subject to FIFRA preemption (*see, Wisconsin Pub. Intervenor v Mortier*, 501 US 597). Plaintiffs submitted the affidavit of Thomas Parker, a pesticide application expert, who opined that the application of Dursban violated the labeling requirements and application practices. Whether Terminix applied this product appropriately and in compliance with the labeling requirements remains an issue of fact for trial.

However, plaintiffs' allegations concerning the failure to provide additional or different warnings than those contained on the label are preempted by FIFRA (*see, Worm v American Cyanamid Co., supra*). To the extent that plaintiffs claim that Terminix had an obligation to warn them with respect to the potential adverse effects of applying the Dursban, these claims are encompassed by FIFRA preemption. We also find that plaintiffs' claims with respect to failure to research, train and test the product, in light of this record, are conclusory and unsupported, and are therefore dismissed.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Terminix International, Inc. and Terminix International Company, L.P. for summary judgment with respect to claims based on failure to warn and failure to research, train and test

the product; motion granted to that extent and summary judgment awarded to said defendants dismissing those claims against them; and, as so modified, affirmed.