[686 NYS2d 152]

MARY L. YOUNGER et al., Respondents, v SPARTAN CHEMICAL COMPANY, INC., Appellant.

Third Department, February 25, 1999

**APPEARANCES OF COUNSEL**

*FitzGerald, Morris, Baker & Firth,* Glens Falls (*Veronica Carrozza O'Dell* of counsel), for appellant.

*Newell & Toomey,* Glens Falls (*Ronald L. Newell* of counsel), for respondents.

**OPINION OF THE COURT**

MERCURE, J.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Mary L. Younger (hereinafter plaintiff) on April 8, 1994 in connection with her employment as a custodian. The complaint alleges that plaintiff sustained severe burns as a result of her application of NABC non-acid disinfectant bathroom cleaner, a product manufactured by defendant, to surfaces that she had already cleaned with chlorine bleach. The complaint alleges causes of action sounding in negligence, strict products liability, breach of warranty and failure to warn based upon the corrosive nature of the product, particularly when used in conjunction with chlorine bleach. Following joinder of issue and an exchange of bills of particulars and discovery demands, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.

As a threshold matter, we note that, as a disinfectant, NABC is classified as a pesticide (*see*, 7 USC § 136 [t], [u]); as such, it is regulated by the Federal Insecticide, Fungicide and Rodenti-

cide Act (7 USC § 136 *et seq.* [hereinafter FIFRA]). FIFRA is a comprehensive regulatory scheme, which authorizes the Federal Environmental Protection Agency (hereinafter EPA) to regulate the development, sale, labeling, packaging and use of pesticides. FIFRA mandates national registration of the substances it regulates and such products may not be sold, distributed or marketed unless they are approved by the EPA and carry EPA-approved labeling and packaging (7 USC § 136a [a], [c]; *see, Warner v American Fluoride Corp.*, 204 AD2d 1, 5-6). Before such approval is given, regulated products must be tested for specific uses and the manufacturers must submit detailed information about the product, including the results of efficacy and health-impact studies (*see,* 7 USC § 136a [c] [1]; 40 CFR 156.10).

■ Of primary relevance here, FIFRA contains an express preemption clause prohibiting states from imposing "any requirements for labelling or packaging in addition to or different from those required under [FIFRA]" (7 USC § 136v [b]), and the prohibitive reach of the preemption clause has been repeatedly held to extend to civil damage claims based upon common-law failure to warn theories (*see, Sherman v Claire Mfg. Co.*, 239 AD2d 487, *lv dismissed and denied* 90 NY2d 933; *Sirico v Beckerle Lbr. Supply Co.*, 227 AD2d 396; *June v Laris*, 205 AD2d 166, 170-171, *lv dismissed and denied* 85 NY2d 955; *Warner v American Fluoride Corp., supra,* at 5-6). Under the circumstances, irrespective of the sufficiency of the parties' evidentiary submissions, Supreme Court was required to dismiss so much of plaintiffs' complaint as is predicated upon a failure to warn. To the extent that the complaint may allege other legal theories (*see, e.g., Worm v American Cyanamid Co.*, 5 F3d 744, 749 [claims for negligent testing, formulation and manufacturing not preempted]; *Bingham v Terminix Intl. Co.*, 850 F Supp 516, 522 [claims for negligent testing, strict liability and breach of warranty not preempted]; *Warner v American Fluoride Corp., supra,* at 13 [claim for negligent testing not preempted]), we must consider the evidence submitted on the motion.

■ Defendant supported its summary judgment motion with an affidavit of its microbiologist and the results of independent testing which competently establish that NABC is classified as a mild irritant, incapable of causing tissue damage to rabbits even after 72 hours of continuous direct exposure to abraded skin. In fact, even direct exposure to the eyes of test rabbits caused only minor temporary effects and no permanent dam-

age. NABC is registered with the EPA for general use as a Category III pesticide, requiring neither gloves nor eye protection. In contrast, chlorine bleach is a severe irritant, capable of causing chemical burns in some cases. The EPA-mandated label for chlorine bleach (evidenced by a Clorox bleach label submitted by defendant) warns: *"Do not use or mix with other household chemicals*, such as toilet bowl cleaners, rust removers, acid or products containing ammonia. To do so will release hazardous gases. Prolonged contact with metal may cause pitting and discoloration" (emphasis in original).

In our view, defendant's evidentiary showing competently established its freedom from liability under any of the theories alleged in the complaint. In opposition to the motion, plaintiffs merely submitted an affidavit of their attorney, accompanied by additional copies of the complaint and plaintiffs' bill of particulars, both of which were verified by plaintiffs' attorney. In view of the fact that plaintiffs' attorney had no personal knowledge of the underlying facts, neither his affidavit, the complaint nor the bill of particulars constitute competent evidence (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 327; *Brown v Heller*, 252 AD2d 934; *Matter of Allen*, 210 AD2d 856).

As a final matter, we are unpersuaded that the incomplete status of discovery justified denial of the motion (*see*, CPLR 3212 [f]). Notably, the summary judgment motion was heard more than 18 months following the commencement of the action (*see, Douglas Manor Assn. v Alimaras*, 215 AD2d 522) and in opposing the motion plaintiffs offered nothing to show that further discovery would lead to competent evidence in support of their causes of action (*see, Mazzaferro v Barterama Corp.*, 218 AD2d 643) or that any such evidence was in defendant's exclusive knowledge or control (*see, Eagen v Harlequin Books*, 229 AD2d 935). Obviously, the mere hope that evidence sufficient to defeat the motion may be uncovered during discovery is insufficient (*see, Mazzaferro v Barterama Corp., supra*).

In view of the foregoing, we conclude that Supreme Court erred in denying defendant's motion.

CARDONA, P. J., MIKOLL, CREW III and YESAWICH JR., JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.