■ ANTHONY VILLANO et al., Appellants, v BUILDERS SQUARE, INC., Defendant and Third-Party Plaintiff-Respondent. COMMERCE DISTRIBUTORS et al., Third-Party Defendants-Respondents. [713 NYS2d 85] —Cardona, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered August 4, 1999 in Schenectady County, which, inter alia, granted defendant's and third-party defendants' cross motions for summary judgment dismissing the complaint, third-party complaint and cross claims.

In May 1992, plaintiff Anthony Villano (hereinafter plaintiff) was allegedly injured as the result of using a pest control product purchased from defendant. The product was allegedly manufactured by third-party defendant Chevron Chemical Company and allegedly supplied by third-party defendant Commerce Distributors. In January 1994, plaintiff and his wife

commenced this personal injury action against defendant alleging causes of action sounding in strict products liability, breach of warranty and negligence. Following joinder of issue, defendant commenced third-party actions against Chevron and Commerce. Commerce, in turn, asserted a cross claim against Chevron.

Thereafter, plaintiff served defendant and third-party defendants with notices for discovery and inspection and, after receiving no response, made a motion to compel compliance with those notices. Defendant and third-party defendants opposed the motion and cross-moved for summary judgment dismissing the complaint, third-party complaint and cross claims on the ground that plaintiffs' action was preempted by the Federal Insecticide, Fungicide and Rodenticide Act (hereinafter FIFRA; 7 USC § 136 et seq.) inasmuch as the pest control product involved herein was a registered pesticide under FIFRA and plaintiffs' claims were premised upon inadequate labeling and failure to warn. Agreeing with the preemption argument, Supreme Court granted defendant's and third-party defendants' cross motions and denied plaintiff's discovery motion as moot resulting in this appeal.

This Court has recognized that State tort claims premised upon the failure to properly label a pesticide so as to warn of its dangerous qualities are expressly preempted by FIFRA (see, Tyler v Dow Chem. Co., 252 AD2d 31, 33; June v Laris, 205 AD2d 166, 171, lv dismissed and denied 85 NY2d 955; see also, Worm v American Cyanamid Co., 5 F3d 744, 747; Babalola v Crystal Chems., 225 AD2d 370, 371; Warner v American Flouride Corp., 204 AD2d 1, 11-13). Regardless of the characterization of the claim or the manner in which it is pleaded (see, Sirico v Beckerle Lbr. Supply Co., 227 AD2d 396), where the claim "requires proof that a product's packaging and labeling should have included additional, different or more clearly stated warnings than those required by FIFRA, it is preempted by FIFRA" (Tyler v Dow Chem. Co., supra, at 33).

In the case at hand, a review of plaintiffs' complaint, as amplified by their bill of particulars, discloses that their negligence claims are premised on the theory that defendant failed to properly warn customers of the dangerous propensities of the product as the result of inadequate labeling. Such claims are clearly preempted by FIFRA and were properly dismissed (see, e.g., June v Laris, supra, at 171).

Plaintiffs also allege causes of action for breach of express warranty and breach of the implied warranties of merchantability and fitness for a particular purpose. Additionally, they

allege, in connection with their strict products liability claims, that the product was defective in that, *inter alia*, it was unreasonably dangerous for human use and not adequately inspected. While defendant and third-party defendants contend that these claims are essentially premised upon improper labeling and therefore preempted, they have not put forth sufficient evidence substantiating that contention. It is not clear from this record that these claims are based exclusively upon a failure to warn attributable to deficiencies in product labeling (*see, e.g., Tyler v Dow Chem. Co., supra*, at 34; *Babalola v Crystal Chems., supra*, at 372). Therefore, since defendant and third-party defendants did not meet their initial burden of proof with respect to these claims, they were not entitled to summary judgment (*see, e.g., Vonungern v Morris Cent. School*, 240 AD2d 926, 927; *Murphy v County of Westchester*, 228 AD2d 970, 971).

In view of this disposition, Supreme Court must now consider the merits of plaintiffs' motion to compel discovery (*see, Donovan v S & L Concrete Constr. Corp.*, 234 AD2d 336, 337; *Gentry v Stevens*, 145 AD2d 532, 533).

Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's and third-party defendants' cross motions dismissing the first and second causes of action alleged in the complaint; cross motions denied to that extent; and, as so modified, affirmed.