■ In the Matter of BENDERSON DEVELOPMENT COMPANY, INC., Respondent, v TOWN OF NISKAYUNA et al., Respondents, and SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant. [740 NYS2d 508] —Crew III, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered July 9, 2001 in Schenectady County, which, in a proceeding pursuant to RPTL article 7, denied respondent South Colonie Central School District's motion to dismiss the petition against it for failure to state a cause of action.

In July 2000, petitioner commenced this RPTL article 7 proceeding challenging the 2000 tax assessment of, inter alia, a parcel of real estate known as the Mohawk Mall located in the Town of Niskayuna, Schenectady County. In 1999, the previous owner of the Mohawk Mall and respondents settled an RPTL article 7 proceeding resulting in a court order establishing the 1998 assessment for said property. Consequently, respondent South Colonie Central School District answered asserting as an affirmative defense RPTL 727 (1), which imposes a three-year limitation on proceedings to challenge the assessed valuation of property where, as here, the assessment was reviewed in a prior proceeding and found by court order or judgment to have been excessive. The School District's subsequent motion to dismiss the petition upon the ground that it failed to state a cause of action was denied and this appeal ensued.

We affirm, albeit for entirely different reasons than those employed by Supreme Court. In enacting RPTL 727, the Legislature provided certain exceptions to the three-year statute of limitations including, insofar as is relevant to this appeal, those instances where there has been a change in the occupancy rate of 25% or greater in a building located on the property in question (*see*, RPTL 727 [2] [g]). To that end, and in opposition to the School District's motion to dismiss,

petitioner offered data regarding square footage rental for the years 1999 and 2000 claiming that such reflected a change in the occupancy rate of more than 25%. The School District challenged petitioner's methodology, contending that the change in occupancy rate did not amount to 25%, and further argued that the data referred to in opposition to its motion should not be considered by the court inasmuch as it was provided via the affidavit of petitioner's attorney, who lacked personal knowledge of the facts asserted or the authenticity of the documents containing the proffered data (*see, e.g., Younger v Spartan Chem. Co.*, 252 AD2d 265, 268). Supreme Court determined that it could not ascertain the change in occupancy rate inasmuch as it was not provided with data for 1998, the last year that the assessment on the property was reduced by stipulation and court order and, thus, the "base year" for determining the percentage of change in the occupancy rate.

As a starting point, it is of critical moment to note that this is a motion pursuant to CPLR 3211 (a) (7) challenging the facial sufficiency of the petition. The question is whether petitioner has stated a cause of action and, if not, whether such cause of action nonetheless exists. We are not dealing with a motion pursuant to CPLR 3212, and while Supreme Court could have treated the School District's motion as such upon adequate notice, nothing in the record supports a conclusion that it did so. Accordingly, our analysis begins with those principles applicable to CPLR 3211 motions.

While petitioner indeed bears the burden of proof in this proceeding (*see, Matter of Gullo v Semon*, 265 AD2d 656, *lv denied* 94 NY2d 757), that burden need not be satisfied in opposing a CPLR 3211 (a) (7) motion (*see, Matter of Lamos v Board of Assessment Review of Town of Argyle*, 194 AD2d 1025, 1027). Our inquiry is merely to determine whether, if the facts alleged were conceded and deemed to be true, petitioner would be entitled to a judgment in its favor (*see, id.* at 1027). Contrary to the School District's implied assertion, neither RPTL 727 (1) nor its exceptions constitute a condition precedent that must be pleaded and proven by petitioner. Rather, RPTL 727 (1) is in the nature of a proviso which must, as it was, be pleaded by the School District as an affirmative defense (*see, Rowell v Janvrin*, 151 NY 60, 66-67). Accordingly, petitioner's pleading states a cause of action pursuant to RPTL 706 and quite properly was not dismissed.

It is true, as urged by the School District, that petitioner has the burden of proving the applicability of the exception contained in RPTL 727 (2) (g), but that is a matter of proof on

the hearing of this matter after the School District has established the applicability of RPTL 727 (1) (*cf.*, *Robertson v Bozza & Karafiol*, 242 AD2d 613, 615, *lv dismissed and denied* 91 NY2d 989). Finally, insofar as petitioner contends that it is not subject to the provisions of RPTL 727 (1) inasmuch as it purchased the property in question subsequent to the prior RPTL article 7 proceeding and was not a party thereto, we need note only that this issue was not raised before Supreme Court and, thus, is not properly before us (*cf.*, *Matter of Puff v Jorling*, 188 AD2d 977, 981).

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.