# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1074**
**CA 16-00211**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

MARY ESPOSITO, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CONTEC, INC., DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

THE ROB COHEN LAW OFFICE, LLC, WILMETTE, ILLINOIS (ROBERT A. COHEN, OF THE ILLINOIS BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND GREENE & REID, PLLC, SYRACUSE, FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, ALBANY (MATTHEW S. LERNER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered April 24, 2015. The order, among other things, granted the motion of defendant Contec, Inc. to dismiss the amended complaint against it.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the third, fifth, and sixth causes of action of the amended complaint, as well as the fourth cause of action insofar as it alleges theories of defective design and manufacture, and as modified the order is affirmed without costs.

Memorandum: In this action to recover damages for personal injuries allegedly sustained by plaintiff as a result of the use of a fungicide product manufactured by Contec, Inc. (defendant), plaintiff appeals from an order that, among other things, dismissed plaintiff's amended complaint against defendant. Plaintiff contends that Supreme Court erred in dismissing the amended complaint against defendant on the ground that the amended complaint is preempted by the Federal Insecticide, Fungicide, and Rodenticide Act ([FIFRA] 7 USC § 136 *et seq.*). We agree with plaintiff with respect to the third, fifth, and sixth causes of action of the amended complaint, as well as with respect to those parts of her fourth cause of action that assert claims on theories other than failure to warn. We modify the order accordingly.

The doctrine of federal preemption flows from the Supremacy Clause of the Federal Constitution, which states that the laws of the United States "shall be the supreme Law of the Land" (US Const, art VI, cl 2). Under the doctrine, "[s]tate action may be foreclosed by

express language in a congressional enactment" (*Lorillard Tobacco Co. v Reilly*, 533 US 525, 541). State action includes both positive enactments, such as statutes and regulations, and common-law rules and obligations (*see Cipollone v Liggett Group, Inc.*, 505 US 504, 521). "In preemption analysis, courts should assume that 'the historic police powers of the States' are not superseded 'unless that was the clear and manifest purpose of Congress' " (*Arizona v United States*, ___ US ___, ___, 132 S Ct 2492, 2501, quoting *Rice v Santa Fe Elevator Corp.*, 331 US 218, 230). "Congressional purpose is the ultimate touchstone in determining whether federal law preempts a particular state action" and, in searching for legislative intent to preempt, a court must "examine the statute's express objectives, its structure, the plain meaning of its language, and its interpretation by the courts" (*Smith v Dunham-Bush, Inc.*, 959 F2d 6, 8 [internal quotation marks omitted]; *see FMC Corp. v Holliday*, 498 US 52, 57; *Allis-Chalmers Corp. v Lueck*, 471 US 202, 208).

Generally, FIFRA and the regulations promulgated thereunder impose approval and labeling requirements on manufacturers of insecticides, fungicides, and rodenticides based on each product's effectiveness and potential harmfulness to humans. FIFRA also establishes a complex process of review by the Environmental Protection Agency (EPA), culminating in the approval of the label under which the product is to be marketed and packaged (*see* 7 USC § 136a [c]; *Worm v American Cyanamid Co.*, 5 F3d 744, 747). With regard to the standards for such labeling and packaging, FIFRA requires that a product not be "misbranded," which requirement precludes the product label from containing any statement that is "false or misleading in any particular" (7 USC § 136 [q] [1] [A]), and prohibits the omission from the label of any necessary instructions, warnings, or cautionary statements (*see* 7 USC § 136 [q] [1] [F], [G]; *see also* 40 CFR § 156.10 [a] [5] [ii]). The preemption provision of FIFRA provides that, "[i]n general[,] . . . a State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter" (7 USC § 136v [a]). On the other hand, FIFRA provides that, in the interest of "[u]niformity[,] . . . [s]uch State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter" (7 USC § 136v [b]).

Prior to 2005, many courts analyzing whether a state cause of action was preempted by FIFRA applied the "inducement" test, under which a state cause of action, irrespective of its legal theory, was held to be preempted if a verdict in favor of the plaintiff might induce the manufacturer to change its label on a product subject to FIFRA regulation, even if such change were to be made voluntarily (*see e.g. DOW Agrosciences v Bates*, 332 F3d 323, 331-333, *vacated and remanded* 544 US 431; *Andrus v AgrEvo USA, Co.*, 178 F3d 395, 399-400). However, in its 2005 decision in *Bates v DOW Agrosciences*, the United States Supreme Court clarified and significantly narrowed the FIFRA preemption analysis, holding that the "inducement" test "finds no support in the text" of section 136v (b) (*Bates*, 544 US at 445), and

further holding that a state rule is preempted only to the extent that it constitutes a "requirement[] for labeling and packaging" that is "in addition to or different from those [things] required under [FIFRA]" (*id*. at 444). The Supreme Court thus recognized that a state rule is not preempted merely because it relates to labeling and packaging while merely imposing requirements "equivalent" (*id*. at 453), or "parallel" (*id*. at 447) to those imposed by FIFRA. The Court held, however, that nonfederal rules are preempted to the extent that they impose "competing state labeling standards" (*id*. at 452). "[I]magine" the difficulties for manufacturers, the Court noted, if there existed "50 different labeling regimes prescribing the color, font size, and wording of warnings" on nationally distributed products (*id*.).

Applying the foregoing standards to the claims pleaded in this case, we conclude that the court properly granted defendant's motion to dismiss, on preemption grounds, plaintiff's first and second causes of action and those parts of her fourth cause of action asserting failure to warn claims. The first and second causes of action allege that defendant promoted or encouraged an unsafe use of its product and thus failed to instruct users against such unsafe use. We conclude that any jury verdict or court determination in favor of plaintiff on those causes of action would amount to a state rule or requirement at odds with the EPA-approved warning label on the product, i.e., a state rule relating to labeling and packaging that would impose requirements additional to or different from those imposed by the federal statute and regulations. We reach the same conclusion with regard to the fourth cause of action insofar as it alleges defendant's strict liability to plaintiff for "failing to provide adequate warnings" and for "failing to provide adequate instruction and direction of a safe use of the product" (*see In re Syngenta AG MIR 162 Corn Litig.*, 131 F Supp 3d 1177, 1207-1208; *see generally Bates*, 544 US at 452-454; *Villano v Builders Sq.*, 275 AD2d 565, 566-567; *Wallace v Parks Corp.*, 212 AD2d 132, 137).

On the other hand, we conclude that the court erred in dismissing the third, fifth, and sixth causes of action of plaintiff's amended complaint, as well as those parts of the fourth cause of action that do not allege a failure to warn. Plaintiff's causes of action and claims alleging defendant's breach of warranty, ordinary negligence, and defective design and manufacture of its product, i.e., theories unrelated to labeling or packaging, are not preempted by FIFRA (*see Bates*, 544 US at 444-445; *Mortellite v Novartis Crop Protection, Inc*., 460 F3d 483, 489-490; *Wallace*, 212 AD2d at 137).

Entered:  February 3, 2017                          Frances E. Cafarell
                                                    Clerk of the Court