■ FELICE FARBER, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for personal injuries the defendant appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated August 25, 1986, as denied that branch of its cross motion which was for summary judgment dismissing the plaintiff's first cause of action, and (2) from an order of the same court, dated October 27, 1986, which granted the plaintiff's motion for certain pretrial discovery.

Ordered that the order dated August 25, 1986 is reversed insofar as appealed from, and that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action is granted; and it is further,

Ordered that the order dated October 27, 1986 is modified by deleting the first, fourth, fifth, sixth and seventh decretal paragraphs thereof, by renumbering decretal paragraphs two, three and eight to paragraphs one, two, and three, respectively, and by adding a fourth decretal paragraph denying the plaintiff's motion in all other respects; as so modified, the order dated October 27, 1986 is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff was physically assaulted by an unknown person on a subway station maintained by the defendant. In the first cause of action, sounding in negligence, the plaintiff alleges that her injuries were caused by the defendant's failure to properly maintain its premises in a reasonably safe manner and to properly install or maintain reasonable safety

devices on the premises. The plaintiff alleges that the defendant was acting in a proprietary capacity and breached duties owed by an owner of real property to those who are lawfully on the property. We do not agree.

In *Weiner v Metropolitan Transp. Auth.* (55 NY2d 175, 182) the Court of Appeals pointed out that the New York City Transit Authority is engaged in both proprietary and governmental functions and that: "It is the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred which governs liability, not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred".

In this case, the plaintiff claims that the defendant was negligent in not completely locking off a closed token booth area that served as an entrance at one end of the station. Such an omission, insofar as the plaintiff claims it permitted an assault by an unknown person, involves a governmental rather than a proprietary function for which the defendant is not liable, absent a special duty owed *(see, Weiner v Metropolitan Transp. Auth., supra)*. Since the plaintiff does not allege that she was owed a special duty by the defendant, the defendant's motion for summary judgment dismissing the first cause of action should have been granted.

In the order dated October 27, 1986, the court ordered discovery and inspection of certain documents. The documents set forth in the first, fourth, fifth, sixth and seventh decretal paragraphs all relate to the plaintiff's first cause of action. Since we hold that this cause of action must be dismissed, this order must be modified by deleting those paragraphs. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.