■ In the Matter of the Estate of MONICA CRICHLOW, Deceased. VERE CRICHLOW, as Administratrix of the Estate of MONICA CRICHLOW, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Defendant-Respondent.—Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about March 21, 1991 granting defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff administratrix commenced this wrongful death action on behalf of her daughter, who was murdered in one of defendant's subway control towers. The control tower, which was located some thirty feet inside the subway tunnel on the north side of the IRT President Street station in Brooklyn, had been left unlocked by Transit Authority personnel. Decedent's charred remains were discovered in the control tower room, then used as a storage room, some eleven hours after she was seen entering the subway system with a male, who was later charged with the homicide.

The complaint was properly dismissed as defendant owed no special duty to plaintiff (Weiner v Metropolitan Transp. Auth., 55 NY2d 175), and the failure to lock the door to the control tower did not involve a proprietary function of defendant (see, Calero v New York City Tr. Auth., 168 AD2d 659, lv denied 78 NY2d 864; Farber v New York City Tr. Auth., 143 AD2d 112). Further, no proof was adduced that any negligent failure to lock the door constituted a proximate cause of the death (see, Khodai v New York City Tr. Auth., 176 AD2d 524). Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Smith, JJ.