■ RIMA RIVERA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—Order, Supreme Court, New York County (Alfred Toker, J.), entered May 24, 1991, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion is granted and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff seeks to recover damages for personal injuries sustained when she was accosted and stabbed by an unapprehended assailant as she exited a darkened subway station. The incident took place on July 13, 1990, when plaintiff rode the Lexington Avenue Local from the Brooklyn Bridge subway station to the Thirty-Third Street station, arriving at approximately 12 noon. There, she walked to the end of the platform which led to Thirty-Second Street, and went through a rotary gate. The token booth at this exit was closed, and when plaintiff went through the gate, she came to an unlit area thirty to forty feet from two separate stairways leading to the street.

Plaintiff had reached the first step of one stairway when she was grabbed from behind and felt a knife against her neck. She screamed and the assailant stabbed her on the upper part of her neck and fled, leaving behind the purse which plaintiff threw in his direction. Plaintiff's injuries required a five-day hospitalization.

By service of a summons and verified complaint dated September 18, 1990, plaintiff brought the instant action against defendant, the New York City Transit Authority. The

complaint's single cause of action asserts that defendant failed to properly maintain its property by providing adequate lighting in the area between the rotary gate and the stairwell, and thus created a condition which permitted the assailant to lurk unseen in a darkened area. In addition, plaintiff contends that defendant breached a duty to warn passengers that the area was unlit and unstaffed, and that it had been the site of previous crimes.

As acknowledged by each of the parties, the New York City Transit Authority has both proprietary and governmental functions *(Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175; *Farber v New York City Tr. Auth.,* 143 AD2d 112, 113). Plaintiff urges that her claim is brought against defendant in its proprietary capacity, which includes maintaining proper lighting on subway stairs *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 518-519) and is not predicated upon the lack or inadequacy of police protection. Thus, she makes no claim of a special relationship and its concomitant special duty *(see, Crosland v New York City Tr. Auth.,* 68 NY2d 165, 168-169; *De Long v County of Erie,* 60 NY2d 296, 304).

As pointed out by defendant, however, numerous courts have declined to hold that lapses of proper maintenance, including inadequate lighting, involve a municipality's proprietary function and are, therefore, actionable in the absence of a special duty *(see, e.g., Bardavid v New York City Tr. Auth.,* 61 NY2d 986; *Khodai v New York City Tr. Auth.,* 176 AD2d 524; *Farber v New York City Tr. Auth., supra; Ascher v Garafolo Elec. Co.,* 113 AD2d 728, *affd* 67 NY2d 637).

Simply stated, the lack of illumination at plaintiff's exit was not, as relevant to her claim, an issue of proprietary maintenance, but one which involves passenger security and, therefore, invokes defendant's governmental function *(Farber v New York City Tr. Auth., supra; Calero v New York City Tr. Auth.,* 168 AD2d 659, *lv denied* 78 NY2d 864). As such, a special duty is required and, none having been pleaded or established, defendant's motion to dismiss should have been granted. Concur—Sullivan, J. P., Milonas, Asch and Kassal, JJ.