■ DEIRDRE DUFFY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [620 NYS2d 4] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernstein, J.), dated April 20, 1993, which, inter alia, granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff sustained serious injuries when she was attacked by a bat-wielding assailant in the Bergen Street station of the "F" train. She had just exited the platform through a one-way carousel and was confronted by a large man carrying

a bat, who blocked her way to the staircases through which she could have exited the station. She subsequently commenced this action against the New York City Transit Authority, alleging that it created a trap-like condition for which it could be held accountable.

"The Transit Authority owes no duty to protect a person on its premises from assault by a third person absent facts establishing a special relationship between the Authority and the person assaulted *(Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175)" *(Bardavid v New York City Tr. Auth.,* 61 NY2d 986, 987; *Marilyn S. v City of New York,* 134 AD2d 583, 584-585, *affd for reasons stated at App Div* 73 NY2d 910). There being no allegations that a special relationship existed between the plaintiff and the New York City Transit Authority, the complaint fails to state a cause of action upon which relief could be based, and was properly dismissed *(see, Rivera v New York City Tr. Auth.,* 184 AD2d 417; *Matter of Crichlow v New York City Tr. Auth.,* 184 AD2d 395; *Farber v New York City Tr. Auth.,* 143 AD2d 112, 113; *Calero v New York City Tr. Auth.,* 168 AD2d 659). Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.