OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, defendant’s motion for summary judgment granted, the complaint dismissed and the certified question answered in the negative.
 

 On March 20, 1991, plaintiff was attacked as she walked at rush hour through an isolated and little-used subway tunnel. At the time of this incident, the tunnel was undergoing
 
 *959
 
 renovations, and construction materials had been deposited at various locations within the tunnel. Plaintiffs assailant dragged her behind a large metal plate which had been temporarily positioned against the tunnel wall, where she was beaten, raped and robbed. The tunnel had been the site of numerous violent felonies in the year preceding this attack, including two previous rapes, and eight months before the attack the local community board had recommended to defendant Authority that the tunnel be closed. Plaintiff sought to recover damages from defendant Authority, asserting that defendant had been negligent (1) in storing the construction materials in such a way as to create a dangerous condition that permitted her to be assaulted, and (2) in failing to act on the recommendation to close the tunnel, given its extensive history of criminal activity.
 

 Whether the Authority is shielded from liability depends on whether in this instance it acted in a governmental or a proprietary role
 
 (see, Weiner v Metropolitan Transp. Auth., 55
 
 NY2d 175). In
 
 Miller v State of New York
 
 (62 NY2d 506, 511-512) we stated that the dual role of a governmental or quasi-governmental entity creates "a continuum of responsibility” extending from completely proprietary acts of simple maintenance and repair to completely governmental functions, like "the maintenance of general police and fire protection.” Plaintiffs claim, in essence, is that a proprietary act (the location of the metal plate) intersected with a governmental act (the failure either to close the tunnel or to properly police it), to create the conditions under which she was attacked. Defendant’s act was so overwhelmingly governmental in nature, however, as to place the source of its asserted liability well toward the "governmental function” terminus of the
 
 Miller
 
 continuum
 
 (see, Bonner v City of New York,
 
 73 NY2d 930;
 
 Rivera v New York City T'r. Auth.,
 
 184 AD2d 417). Accordingly, defendant is immune from liability.
 

 Moreover, plaintiffs claim is independently, and fatally, flawed by her inability to establish that the location of the metal plate, rather than the general lack of security in the tunnel, was the proximate cause of her injuries. Two previous rapes, and an incident of sexual abuse, had occurred in the tunnel prior to this attack, all in the absence of any negligently placed construction materials. Plaintiffs claim is so speculative on the issue of causation as to mandate dismissal as a matter of law
 
 (see, Matter of Crichlow v New York City
 
 
 *960
 
 TV.
 
 Auth.,
 
 184 AD2d 395;
 
 Khodai v New York City
 
 TV.
 
 Auth.,
 
 176 AD2d 524).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, defendant’s motion for summary judgment granted, complaint dismissed and certified question answered in the negative, in a memorandum.