■ Yvette Nunez, Respondent, v New York City Transit Authority, Appellant. [769 NYS2d 605]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 30, 2002, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action against the New York City Transit Authority (hereinafter the Transit Authority) to recover damages for personal injuries she sustained as the result of inhaling smoke while on a subway train for approximately one hour during a tunnel fire. The Transit Authority moved for summary judgment dismissing the complaint, submitting evidence that the fire had been intentionally set, and arguing that it was entitled to governmental immunity for its alleged negligence, since the plaintiff was unable to establish that she had a special relationship with the Transit Authority. The motion was denied and the Transit Authority appeals.

We reverse. The Transit Authority made a prima facie showing, through the submission of admissible evidence, that the fire in the subway tunnel was intentionally set. The plaintiff alleges that the Transit Authority was negligent in permitting combustible material to be left in an abandoned area in the subway tunnel, and in failing to get the subway train out of the tunnel more quickly. We conclude that these alleged acts and omissions

involve the Transit Authority's governmental function, such that liability cannot attach absent a special relationship between the plaintiff and the Transit Authority (*see Clinger v New York City Tr. Auth.*, 85 NY2d 957 [1995]; *Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175 [1982]). Since the plaintiff, in opposition to the motion, failed to raise a triable issue of fact as to the existence of special relationship between the Transit Authority and her, the motion for summary judgment should have been granted (*see Weiner v Metropolitan Transp. Auth.*, *supra*).

In light of the above, we need not reach the parties' remaining contentions. Smith, J.P., Luciano, H. Miller and Townes, JJ., concur.