■ SARIKA RAMPERSAD et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [775 NYS2d 165]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Levine, J.), dated June 4, 2003, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment is granted, and the complaint is dismissed.

It was an improvident exercise of the Supreme Court's discretion to deny the defendants' motion for summary judgment on the ground that it was made more than 120 days after the note of issue had been filed, since good cause for the delay was established (see CPLR 3212 [a]).

Moreover, the defendants established their prima facie entitlement to summary judgment by showing that their alleged negligence implicated a governmental function, and that there was no special relationship between the parties (see Nunez v New York City Tr. Auth., 3 AD3d 481 [2004]). Since the plaintiffs failed to raise a triable issue of fact in response to that showing, that branch of the motion which was for summary judgment dismissing the complaint should have been granted (see Weiner v Metropolitan Transp. Auth., 55 NY2d 175 [1982]). Santucci, J.P., Krausman, Luciano and Townes, JJ., concur.