JOHN DOWDELL, Appellant, v GREENE COUNTY et al., Defendants, and VILLAGE OF HUNTER, Respondent. [788 NYS2d 439]—

Mugglin, J. Appeal from an order of the Supreme Court (Stein, J.), entered January 13, 2004 in Greene County, which granted a motion by defendant Village of Hunter to dismiss the complaint.

Plaintiff allegedly fell on March 13, 2001 on a sidewalk adjacent to Route 23A in the Village of Hunter, Greene County. In June 2001, plaintiff filed notices of claim with defendant Village of Hunter and defendant State of New York. In August 2001, plaintiff's attorneys received an affidavit from the Village Clerk denying Village ownership of, and responsibility for, the road and sidewalk identified in the notice of claim, asserting that Route 23A was owned by and the responsibility of the State. Plaintiff did not commence this action until February 14, 2003, eight months beyond the one-year and 90-day statute of limitations found in General Municipal Law § 50-i, prompting the Village to move to dismiss the complaint, which Supreme Court granted. Plaintiff appeals and we affirm.

Plaintiff does not dispute that he commenced the instant action beyond the applicable statute of limitations. He maintains, however, as he did in Supreme Court, that the Village should be equitably estopped from asserting this defense since he specifically relied on the false representations of the Village Clerk and, therefore, did not institute a timely action. In considering a motion to dismiss a complaint when the statute of limitations has run, a court may estop a defendant from asserting such a defense when the defendant has induced a party to delay bringing suit (*see Kiernan v Long Is. R.R.*, 209 AD2d 588, 588 [1994], *lv dismissed and denied* 85 NY2d 934 [1995]). To establish entitlement to estoppel, a plaintiff must demonstrate that he or she failed to commence a timely action "due to a fraud, deception or misrepresentation perpetrated by defendant" (*Phillips v Dweck*, 300 AD2d 969, 969 [2002]) or the plaintiff must prove that the defendant engaged in conduct which was "calculated to mislead the plaintiff, and the plaintiff in reliance thereon failed to sue in time" (*Robinson v City of New York*, 24 AD2d 260, 263

[1965]). The elements of fraud that must be pleaded and asserted in detail (*see* CPLR 3016 [b]) include a " 'misrepresentation of a material existing fact, falsity, scienter, deception and injury' " (*Lawrence v Houston,* 172 AD2d 923, 924-925 [1991], quoting *Callahan v Callahan,* 127 AD2d 298, 300 [1987]).

Plaintiff's own affidavit establishes that his claimed reliance on the Village Clerk's affidavit was not justified. He admits observing Village vehicles and employees working on Route 23A and the adjacent sidewalk both prior to and after his fall, thus establishing that he possessed sufficient knowledge to ascertain all the relevant facts before the statute of limitations expired (*see Gleason v Spota,* 194 AD2d 764, 765 [1993]; *McIvor v Di Benedetto,* 121 AD2d 519, 520 [1986]). Moreover, plaintiff failed to establish the element of scienter, which requires a showing that the Village willfully intended to mislead and delay commencement of an action (*see Rains v Metropolitan Transp. Auth.,* 120 AD2d 509, 509 [1986]; *Demille v Franklin Gen. Hosp.,* 107 AD2d 656 [1985]). Absent such proof, Supreme Court properly granted the Village's motion.

Peters, J.P., Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.