OPINION OF THE COURT
Robert F. Julian, J.
Facts and Procedural Posture:
The decedent Albert T. Piacentino was a 12-year-old child on a day outing at a summer camp in Woodgate, New York, owned and operated by the defendant Diocese, when he drowned on June 14, 1968. Over 35 years elapsed. The Surrogate of Oneida County issued limited letters of administration on August 26, 2003. Thereafter, this action was filed in the Oneida County Clerk’s Office on September 3, 2003 and subsequently served on the defendants. The plaintiff administratrix is the decedent’s mother.
The complaint alleges that the defendant Diocese and the defendant Quinn, a priest of the Diocese who was in charge of the outing at the camp on the date of the drowning, were negligent in their supervision of the decedent. The complaint also alleges the intentional infliction of emotional distress.
The defendants’ answer interposed the affirmative defense of statute of limitations. They thereafter moved pursuant to CPLR 3211 to dismiss the summons and complaint on that basis. It is undisputed that the statutes of limitations periods provided in the CPLR and the EPTL have passed. In response, the plaintiff cross-moved asserting that the doctrine of equitable estoppel is a bar to the statute of limitations defense because the plaintiff was induced not to investigate this matter, and was thus prevented from bringing a timely action, because of defendants’ misrepresentations regarding their supervision at Camp Nazareth at the time of the drowning. The plaintiff also asserted that she first learned in June of 2003 that the defendants’ representations regarding the supervision were false.
Right to a Jury Trial — Equitable Estoppel:
A key element of the cause of action for negligent supervision is the allegation that Quinn was not physically present at the camp at the time of the drowning. Quinn denies this allegation. This factual issue is also the main basis of plaintiffs estoppel theory along with a claim that Quinn misrepresented that seminarians were available to supervise. Plaintiff is alleging that false representations by the defendants that Quinn and seminarians were present at the crucial time of the drowning *1059 were made to induce her not to investigate, and relying upon the alleged false misrepresentation, she did not investigate and thus did not have knowledge of the true facts prior to the expiration of the statute of limitations.
While “equitable estoppel” against the application of a statute of limitations is, overall, a question for the court, the factual issues underlying the equitable claim — falsity and justifiable reliance — are appropriately determined by a jury, and therefore a trial was ordered pursuant to CPLR 2218 to determine those facts, upon which the court could then decide the motion.
CPLR 2218 proceedings are subject to article I, § 2 of the New York State Constitution, which preserves the concept of trial by jury: “Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever . . . .”
That the plaintiff would be entitled to have the issue of defendants’ actions determined by a jury in a plenary trial of the actions is undisputed. The plaintiff reasons that this is exactly the circumstance contemplated by CPLR 2218 — factual issues that would ultimately be decided by a jury at trial must be decided by a jury in a CPLR 2218 proceeding — “If the issue is triable of right by jury, the court shall give the parties an opportunity to demand a jury trial of such issue.”
The First and Second departments appear to disagree on whether or not equitable estoppel is triable by jury pursuant to CPLR 2218. In Cerrato v Thurcon Constr. Corp. (92 AD2d 89 [1983]), the First Department held that a jury was required to determine the issue of estoppel. On the other hand, by inference we can also conclude that the Second Department would hold differently based on Yannon v RCA Corp. (131 AD2d 843 [1987]).
The defendants in the case at bar argue that CPLR 4101 and Grant v Guidotti (67 AD2d 736 [2d Dept 1979]) are controlling. CPLR 4101 is not cited as the authority for the required fact-finding relied upon in either Abraham v Kosinski (305 AD2d 1091 [4th Dept 2003]) or Arbutina v Bahuleyan (74 AD2d 84 [4th Dept 1980]). Both cases rather rely upon CPLR 2218 as controlling. CPLR 2218 creates a format for resolving the issues raised on motion by a separate trial to be held in advance of the matters to be tried in the underlying case.
Because the Fourth Department in Abraham and Arbutina did not specifically direct in each case that the CPLR 2218 proceeding was to be tried by the judge, a fair inference can be *1060 drawn that the Court regarded each case as requiring a jury to decide the issue if properly demanded.
Succinctly, equitable estoppel exists. The plaintiffs assertion of estoppel, while equitable in nature, is not a cause of action or a defense — it is rather an equitable bar to the assertion of the affirmative defense of statute of limitations. This is consistent with a leading definition of equitable estoppel:
“Equitable estoppel is imposed by law in the interest of fairness where enforcement of one party’s rights would work a fraud or injustice upon the person against whom enforcement is sought, and where the party against whom enforcement is sought has, in justifiable reliance on the opposing party’s words and conduct, been misled into acting, or refraining from acting, upon the belief that the opposing party would not seek to enforce the right.” (57 NY Jur 2d, Estoppel § 3.)
“An estoppel does not originate a legal right; it merely forbids the denial of a right claimed otherwise to have arisen.” (Chemical Bank v City of Jamestown, 122 AD2d 530, 531 [4th Dept 1986]; see also, Morrill Realty Corn, v Rayon Holding Corn., 254 NY 268, 275 [1930].)
Therefore the underlying factual issues of the equitable estoppel asserted in this matter were tried pursuant to CPLR 2218 before a jury pursuant to the plaintiffs demand.
The court rejected plaintiffs application that the entire issue of negligent supervision be tried as a part of the CPLR 2218 hearing. The issue to be determined on this motion is discrete from the cause of action for negligent supervision, although it may be one element of that claim. (Abraham v Kosinski, supra; Arbutina v Bahuleyan, supra.)
The Trial:
The court, as a threshold matter, determined that two Appellate Division cases properly expressed the nature of the underlying factual predicates relating to the application of equitable estoppel against a limitations bar: Holm v C.M.P. Sheet Metal (89 AD2d 229 [4th Dept 1982]), and the more recent case Dowdell v Greene County (14 AD3d 750, 750-751 [2005]).
“In considering a motion to dismiss a complaint when the statute of limitations has run, a court may estop a defendant from asserting such a defense when the defendant has induced a party to delay bringing suit (see Kiernan v Long Is. R.R., 209 AD2d *1061 588, 588 [1994], lv dismissed and denied 85 NY2d 934 [1995]). To establish entitlement to estoppel, a plaintiff must demonstrate that he or she failed to commence a timely action ‘due to a fraud, deception or misrepresentation perpetrated by defendant’ (Phillips v Dweck, 300 AD2d 969, 969 [2002]) or the plaintiff must prove that the defendant engaged in conduct which was ‘calculated to mislead the plaintiff, and the plaintiff in reliance thereon failed to sue in time’ (Robinson v City of New York, 24 AD2d 260, 263 [1965])” (id.).
The plaintiff was required to prove intentional misrepresentation or concealment by “clear and convincing” evidence. Accordingly the court gave the charge provided by PJI 1:64 (2006).
Based on the language and concepts in Holm and Dowdell (supra) and the language of PJI 2:151D (relating to fraudulent concealment of an act of medical malpractice) the court gave the following instruction to the jury:
“Plaintiff seeks to prove that Defendants Quinn and Diocese intentionally concealed or misrepresented facts concerning the supervision at Camp Nazareth at the time Albert Piacentino drowned.
“A Defendant committed an intentional concealment or misrepresentation if Quinn, or someone acting on the Defendant Diocese’ behalf, knowingly made a false statement of fact to the Plaintiff with the intention of deceiving her, and the Plaintiff justifiably believed and relied on the false statement.
“Plaintiff has the burden of establishing, by clear and convincing evidence [See Simcuski v. Saeli, 44 NY2d 442, 377 N.E.2d 713, 406 N.Y.S.2d 259 NY, 1978] the following:
“First, that Quinn and/or someone on behalf of the Diocese told plaintiff that Quinn was present at camp at the time of the drowning, and/or “that there was adult supervision provided by Seminarians at the camp waterfront at the time of the drowning.
“Second, that one or more such statements were false.
“Third, that Quinn or the diocesan representative made the statement(s) with the intent to conceal the true facts concerning supervision at the time of *1062 the drowning from plaintiff with the intent that the plaintiff take no further action based on the misrepresentation;
“Fourth, that plaintiff believed and reasonably relied upon Quinn’s or the diocesan representative’s statement and was induced by it to [forgo] otherwise investigating the drowning.
“If plaintiff has failed to prove any one of the elements I have mentioned then she has not proven intentional concealment or misrepresentation. However, if you find that plaintiff has met her burden of proof on each of these elements, then you[ ] will find that she has met her burden of proof and established intentional concealment or misrepresentation.”
Having heard the parties’ proofs regarding the facts to be decided, and having received the above instruction, the jury was then provided the following jury verdict questionnaire:
“Did Defendant Quinn intentionally conceal or misrepresent facts to Mrs. Piacentino concerning the supervision at Camp Nazareth at the time Albert Piacentino drowned?
“Yes_No_
“If the answer to question (1) is ‘NO’, proceed to question (4). If the answer to question (1) is ‘YES’, then proceed to the question (2)
“Did Defendant Quinn intend that Mrs. Piacentino would act upon this concealment or misrepresentation by not further investigating?
“Yes_No_
“If the answer to question (2) is ‘NO’, proceed to question (4). If the answer to question (2) is ‘YES’, then proceed to the question (3)
“Did Mrs. Piacentino reasonably rely upon the concealment or misrepresentation of Defendant Quinn?
“Yes_No_
“Did Defendant Diocese intentionally conceal or misrepresent facts concerning the supervision at Camp Nazareth at the time Albert Piacentino drowned?
“Yes No
*1063 “If the answer to question (4) is ‘YES’, proceed to question (5). If the answer to question (4) is ‘NO’, this completes your verdict, report to the Court.
“Did the Diocese intend that Mrs. Piacentino would act upon this concealment or misrepresentation by not further investigating?
“Yes_No_
“If the answer to question (5) is ‘YES’, proceed to question (6). If the answer to question (5) is ‘NO’, this completes your verdict, report to the Court.
“Did Mrs. Piacentino reasonably rely upon the concealment or misrepresentation of the Diocese?
“Yes_No_
“This completes your verdict. Report to the Court.”
The jury answered “NO” to questions (1) and (4), and reported its verdict.
The jury having determined that neither defendant intentionally misrepresented or concealed the facts of supervision at the time of the drowning, and the court finding no basis to set aside that determination, as being well founded on the evidence presented, the court thus determines that the fundamental factual predicate for an equitable bar to a statute of limitations defense is not present, and that there is therefore no basis on which to find that an equitable bar is available. The statutes of limitations are therefore a complete defense to the action, which must accordingly be, and hereby is, dismissed.