◼ VERA PETKEVICH, Respondent, v MTA et al., Appellants, et al., Defendant. [832 NYS2d 65]—

In an action to recover damages for personal injuries, the defendants MTA and New York City Transit Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated February 1, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendants MTA and New York City Transit Authority is granted.

The plaintiff commenced this action against the MTA, and New York City Transit Authority (hereinafter collectively the

Transit Authority), and the City of New York to recover damages for personal injuries she sustained as the result of being criminally assaulted while waiting on a subway platform. The plaintiff alleged that the Transit Authority was negligent in failing to fence off the end of the platform where the assailants were able to climb a ladder onto the platform and in failing to provide adequate lighting. The Transit Authority moved for summary judgment dismissing the complaint insofar as asserted against it arguing that it was entitled to governmental immunity for its alleged negligence since the plaintiff was unable to establish that she had a special relationship with the Transit Authority. The motion was denied and the Transit Authority appeals. We reverse.

The Transit Authority established its prima facie entitlement to summary judgment by showing that the alleged acts and omissions implicated a governmental function and that there was no special relationship between the parties (*see Clinger v New York City Tr. Auth.*, 85 NY2d 957 [1995]; *Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175 [1982]). In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of a special relationship. Accordingly, the Transit Authority's motion for summary judgment should have been granted (*see Duffy v New York City Tr. Auth.*, 210 AD2d 197 [1994]; *Genovese v New York City Tr. Auth.*, 204 AD2d 116 [1994]; *Calero v New York City Tr. Auth.*, 168 AD2d 659 [1990]; *Farber v New York City Tr. Auth.*, 143 AD2d 112 [1988]). Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.