■ KOIWOIBAH HARRIS et al., Appellants, v CITY OF NEW YORK, Respondent. [836 NYS2d 226]——

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated December 14, 2005, which granted that branch of the cross motion of the defendant, City of New York, which was for summary judgment dismissing the complaint, and denied, as academic, their motion pursuant to CPLR 3124 to compel discovery.

Ordered that the order is affirmed, with costs.

In November 2002 one of the plaintiffs was assaulted and raped by five men in a wooded area and in an unlocked bathroom at Lincoln Terrace Park in Brooklyn. Her nephew, the infant plaintiff, was also assaulted. In their complaint, the plaintiffs alleged that the defendant, City of New York, was negligent because the bathroom, where a portion of the attacks

occurred, was unlocked. The plaintiffs contended that this violated City policy, which required that the bathrooms be locked after the park closed. They alleged that such negligence proximately caused their injuries. The plaintiffs moved to compel discovery, and in response, the City cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the City's cross motion which was for summary judgment dismissing the complaint, and denied, as academic, the plaintiffs' motion to compel discovery. We affirm.

The City established its prima facie entitlement to summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) by demonstrating that its alleged acts and omissions involved a government function of providing security to members of the general public (*see Calero v New York City Tr. Auth.*, 168 AD2d 659, 660 [1990]; *Farber v New York City Tr. Auth.*, 143 AD2d 112, 113 [1988]; *Marilyn S. v City of New York*, 134 AD2d 583, 584-585 [1987], *affd* 73 NY2d 910 [1989]). In response, the plaintiffs, who never alleged a special relationship between themselves and the City, failed to raise a triable issue of fact. Therefore, the complaint was properly dismissed (*see Petkevich v MTA*, 38 AD3d 513 [2007]; *Calero v New York City Tr. Auth., supra*; *Farber v New York City Tr. Auth., supra*; *Marilyn S. v City of New York, supra*). The plaintiffs' remaining contentions are without merit or have been rendered academic in light of our determination (*see Johnson v New York City Bd. of Educ.*, 270 AD2d 310 [2000]). Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.