ANNA MARIE LUSINS, as Administrator of the Estate of JOHN O. LUSINS, Deceased, Appellant, v STEPHEN H. COHEN et al., Respondents. [853 NYS2d 685]—

Malone Jr., J.

At the time of his death in April 2001, decedent, a physician, owned a number of medical business entities (hereinafter referred to as the entities) together with another physician, defendant James McChesney. Decedent and McChesney had previously entered into an insurance escrow agreement which provided that, in the event that one of them died, the other would be entitled to purchase the deceased partner's share of the entities at a price of not less than $500,000, to be funded by life insurance proceeds from policies that each agreed to obtain for the other's benefit. Following decedent's death, his daughter, Gillian Lusins, was appointed executor of his estate, and she retained attorney Scott S. Davidoff to represent the estate in connection with the sale of decedent's interest in the entities. As part of his representation, Davidoff engaged in extensive discussions with Philip Elenidis, decedent's certified public accountant and close family friend, concerning the financial condition of the entities.[1] In addition, Davidoff consulted with McChesney, defendant Stephen H. Cohen, an attorney who had performed work for the entities prior to decedent's death, as well as defendant Anne Dobinsky, a certified public accountant who had performed services for some of the entities and was familiar with their financial circumstances. Following the disclosure to Davidoff of information concerning the entities' financial condition, Lusins, acting on behalf the estate, entered into a settlement and sale agreement with McChesney, under which decedent's interest in the entities was sold for $500,000, the face amount of his life insurance policy.[2]

Thereafter, plaintiff, decedent's widow and the sole heir to his estate, became concerned that the value of decedent's interest in the entities far exceeded $500,000. This was based upon information provided by Thomas Kwako, plaintiff's personal friend as well as an attorney and certified public accountant in Maryland, who was of the view that the financial condition of the entities had been misrepresented to the estate prior to the execution of the settlement and sale agreement. As a result, the

---

1. Elenidis passed away before the instant action was commenced.

2. The estate actually received $503,257.98 inclusive of interest and a premium refund.

instant action was commenced against McChesney, Cohen and Dobinsky alleging causes of action for fraud against all defendants, an accounting against McChesney, and negligent representation as well as breach of fiduciary duty against Cohen and Dobinsky.[3] Following joinder of issue, defendants each moved for summary judgment dismissing the action against them. Plaintiff, in turn, cross-moved for an order compelling discovery. Supreme Court dismissed all causes of action against defendants, except the one against McChesney seeking an accounting, and denied plaintiff's cross motion. Plaintiff now appeals.

Turning first to the fraud cause of action, in order to state such a claim, "a plaintiff must allege misrepresentation or concealment of a material fact, falsity, scienter by the wrongdoer, justifiable reliance on the deception, and resulting injury" (*Zanett Lombardier, Ltd. v Maslow*, 29 AD3d 495, 495 [2006]; *see Dowdell v Greene County*, 14 AD3d 750, 751 [2005]). Notably, the element of justifiable reliance has been found lacking " '[w]here a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means' " (*Tanzman v La Pietra*, 8 AD3d 706, 707 [2004], quoting *Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [1997]; *see Rotterdam Ventures v Ernst & Young*, 300 AD2d 963, 966 [2002]).

In the case at hand, Davidoff testified that defendants provided him with all of the financial and legal documents requested and that he turned some of these over to Elenidis, who was intimately familiar with the entities' operations, to assist in the valuation of the businesses. He stated that Elenidis determined that the estate would not be able to establish a valuation greater than $500,000 and that this, combined with the desire to avoid the expense of an independent business valuation expert, provide plaintiff with an immediate source of income and ensure the continued employment of decedent's son by one of the entities, led Lusins to accept the insurance proceeds as the purchase price and as a settlement of the matter. Significantly, Davidoff stated that Elenidis did not convey any information that conflicted with that provided by Cohen and Dobinsky and that, although Lusins could have compelled a valuation of the entities on behalf of the estate prior to accepting the settlement, she declined to do so. Inasmuch as the facts establish that the estate "could have discovered the underlying condition and true nature of [the entities] by ordinary intel-

---

3. The action was initially commenced by Gillian Lusins, but plaintiff was later substituted in her capacity as administrator of the estate.

ligence or with reasonable investigation" by compelling a valuation, there can be no claim of justifiable reliance (*Zanett Lombardier, Ltd. v Maslow*, 29 AD3d at 496). Accordingly, Supreme Court properly dismissed the fraud cause of action.

Likewise, we find that Supreme Court properly dismissed plaintiff's cause of action against Cohen and Dobinsky for negligent misrepresentation. As a threshold matter, plaintiff must demonstrate "that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity" (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382 [1992]). The evidence establishes that Cohen was the escrow agent for the life insurance proceeds and represented the entities as well as decedent's medical practice before and after his death, but did not render services to the estate or to decedent's family members. In fact, Davidoff believed that Cohen represented McChesney in connection with his purchase of decedent's interest in the entities. Likewise, while Dobinsky performed work for some of the entities both before and after decedent's death, she did not perform any services for the estate or for decedent's family members. Davidoff regarded her as the business accountant and Elenidis as the personal accountant and trusted family advisor. Given that there is no proof that either Cohen or Dobinsky had any type of relationship with plaintiff, Lusins or the estate, privity is lacking. The fact that these individuals performed some services for the entities and/or decedent's medical practice after his death is insufficient to establish the relationship necessary to sustain plaintiff's negligent misrepresentation cause of action.

Plaintiff's claim against Cohen and Dobinsky for breach of fiduciary duty also must fail. " 'A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation' " (*Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 45 AD3d 33, 36 [2007], quoting Restatement [Second] of Torts § 874, Comment *a*). As noted above, there is no evidence of a business relationship between either Cohen or Dobinsky and plaintiff, Lusins or the estate. Absent such a relationship, a fiduciary duty cannot be inferred. Therefore, Supreme Court properly dismissed plaintiff's claim against Cohen and Dobinsky for breach of fiduciary duty. In view of the dismissal of the foregoing claims, plaintiff's cross motion to compel discovery is academic (*see Harris v City of New York*, 40 AD3d 701, 702 [2007], *lv denied* 9 NY3d 810 [2007]; *cf. Villano v Builders Sq.*, 275 AD2d 565, 567 [2000]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order and judgment are affirmed, with one bill of costs.