■ HOWARD JACKSON, Individually, as Administrator of the Estate of BENITA M. WILLIAMS SMITH, Deceased, and as Guardian of the Persons of JAMES WILLIAMS and Another, Infants, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [926 NYS2d 487]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered March 24, 2010, upon a jury verdict apportioning liability between defendant-appellant New York City Transit Authority and the nonparty tortfeasor, awarding damages to plaintiff, as administrator of the decedent's estate, individually, and as guardian of the decedent's children, unanimously reversed, on the law, without costs, the judgment vacated, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant Transit Authority dismissing the complaint.

The decedent, a Transit Authority worker, was shot and killed by her estranged husband while she was in a restricted employee-only locker room located in a subway station. Plaintiff alleges that Transit Authority employees' negligence in directing the husband, a nonemployee, to the employees-only area without ascertaining his identity, violated a work policy prohibiting employees from giving out such information. Plaintiff also asserts that the Transit Authority's failure to adequately secure the locker room proximately caused the decedent's death.

The Transit Authority's provision of security measures involves a governmental function, and therefore it is immune from liability for the husband's attack, absent facts establishing a special relationship between the Authority and the decedent (*see Clinger v New York City Tr. Auth.*, 85 NY2d 957 [1995]; *Bonner v City of New York*, 73 NY2d 930, 932 [1989]; *Genovese v New York City Tr. Auth.*, 204 AD2d 116 [1994]; *Calero v New York City Tr. Auth.*, 168 AD2d 659 [1990], *lv denied* 78 NY2d 864 [1991]). The Transit Authority's adoption of a policy against divulging information regarding employees to outsiders is insuf-

ficient to establish a special relationship (*see Vitale v City of New York*, 60 NY2d 861 [1983]; *Pascarella v City of New York*, 146 AD2d 61, 70 [1989], *lv denied* 74 NY2d 610 [1989]). Moreover, nothing indicates that the decedent justifiably relied on the policy to her detriment (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Concur—Tom, J.P., Friedman, Acosta, Renwick and DeGrasse, JJ.