Langston v MFM Contr. Corp. (2019 NY Slip Op 04035)





Langston v MFM Contr. Corp.


2019 NY Slip Op 04035


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


155255/14 9393A 9393

[*1] Erin Langston, et al., Plaintiffs-Respondents,
v
MFM Contracting Corp., et al., Defendants, The Trustees of Columbia University in the City of New York, Defendant-Appellant.


Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for appellant.
Erlanger Law Firm PLLC, New York (Robert K. Erlanger of counsel), for respondents.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered June 21, 2018, which denied defendant Trustees of Columbia University's motion for summary judgment dismissing the complaint as against it on statute of limitations grounds, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 17, 2018, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.
Plaintiffs raised an issue of fact as to whether the doctrine of equitable estoppel should preclude defendant from
asserting its statute of limitations defense (see Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]). Their counsel's affirmation detailing his communications with defendant, supported by the emails and documents exchanged, establishes that defendant misled plaintiffs about its ownership of the pipe beneath the gouge in the roadway on which plaintiff Erin Langston tripped and fell, inducing plaintiffs to refrain from filing a timely action against it. Even if it were true that defendant did not own the pipe, its evasiveness in response to plaintiffs' requests for information about its relationship to the pipe or the function of the pipe is an affirmative act of concealment that could give rise to equitable estoppel (see General Stencils v Chiappa, 18 NY2d 125, 128 [1966]). Plaintiffs also established that they discovered information sufficient to prompt further inquiry only after the statute of limitations had expired (see Simcuski, 44 NY2d at 449-450; Rite Aid Corp. v Grass, 48 AD3d 363, 364-364 [1st Dept 2008]; Dowdell v Greene County, 14 AD3d 750 [3d Dept 2005]).
Defendant's remaining arguments are improperly raised for the first time on appeal, and we decline to consider them.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK