18-3114-cv
*Lawrence Union Free School District v. Colonial Surety Company*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand nineteen.

PRESENT:   José A. Cabranes,
           Gerard E. Lynch,
           Christopher F. Droney,
                *Circuit Judges.*

---

Lawrence Union Free School District,

        *Plaintiff-Appellant*,                          18-3114-cv

        v.

Colonial Surety Company,

        *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Christopher G. Kirby, Minerva & D'Agostino, P.C., Cold Spring Harbor, NY. |
| **FOR DEFENDANT-APPELLEE:** | Michael C. Delaney, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Morristown, NJ. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Steven I. Locke, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 21, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Lawrence Union Free School District ("School District") appeals from a judgment of the District Court granting summary judgment to Defendant-Appellee Colonial Surety Company ("Colonial"). The District Court held that the School District's action to recover payment on a performance bond issued by Colonial in connection with a construction project is time-barred pursuant to the terms of the bond. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a threshold matter, the parties agree that the School District's breach-of-contract claim is governed by New York law and that the applicable limitations period for that claim is two years from the date on which the non-party contractor stopped working on the construction project. The parties further agree that the contractor stopped working on November 4, 2010, and that the School District brought this action five years later, on November 23, 2015. Accordingly, the principal dispute on appeal is whether the two-year limitations period was tolled under the doctrine of equitable estoppel, as the School District contends.

On review, we hold that the District Court properly granted Colonial's motion for summary judgment. We agree with the District Court that the School District's action is time-barred and that the School District has failed to establish a basis to toll the limitations period. The School District was required to commence this action by no later than November 4, 2012. It did not do so. More critically, the record lacks any evidence demonstrating that Colonial's actions *prior* to November 2012 kept the School District from timely filing suit. *See Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006) ("It is therefore fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit." (citation omitted)). In the absence of such evidence, the District Court correctly held that the School District failed to satisfy its burden of proving that Colonial's actions prior to November 4, 2012 were either fraudulent or calculated to mislead and delay the commencement of this action. *See Dowdell v. Greene Cty.*, 788 N.Y.S.2d 439, 440-41 (3d Dep't 2005) (requiring plaintiff to show "that he or she failed to commence a timely action due to a fraud, deception or misrepresentation perpetrated by defendant . . . or the defendant engaged in conduct which was calculated to mislead

---

[1] This action was assigned to the magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c)(1), which allows him, upon consent of the parties, to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case."

the plaintiff, and the plaintiff in reliance thereon failed to sue in time" (internal quotation omitted)). As a result, the School District's invocation of the doctrine of equitable estoppel lacks merit.

Because we agree with the District Court that the School District's untimeliness could not be excused on equitable estoppel grounds, we do not address Colonial's purported obligations under the performance bond.

We have reviewed all of the remaining arguments raised by the School District on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 21, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3