T.R. v State of New York (2022 NY Slip Op 01110)





T.R. v State of New York


2022 NY Slip Op 01110


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Claim No. 129112 Appeal No. 15001 Case No. 2021-00469 

[*1]T.R., Claimant-Appellant,
v
State of New York, Defendant-Respondent. 


Kenneth J. Gorman, New York, for appellant.
Letitia James, Attorney General, New York (Elizabeth Brody of counsel), for respondent.



Order of the Court of Claims of the State of New York (Judith A. Hard, J.), entered May 15, 2020, which granted the motion by defendant State of New York for summary judgment dismissing the claim against the State, and denied claimant's cross motion to amend the claim, unanimously affirmed, without costs.
The court properly granted the State's motion for summary judgment dismissing the claim, as the doctrine of governmental function immunity applies. The State's provision of security measures at the Bronx Psychiatric Campus (BPC) involves a governmental function and the discretionary allocation of resources. Without facts establishing a special relationship between the State and claimant and the performance of ministerial acts by the state, neither of which are present here, the BPC is immune from liability for the alleged sexual assault of claimant at the BPC (see Valdez v City of New York, 18 NY3d 69 [2011]; Clinger v New York City Tr. Auth., 85 NY2d 957, 959 [1995]; Jackson v City of New York, 85 AD3d 685, 685 [1st Dept 2011]).
The court also properly denied claimant's motion for leave to amend the claim at a post-discovery stage of the litigation to formally add an allegation of negligent supervision of claimant. To the extent that the pleadings could properly be read to include an allegation of negligent supervision of claimant, dismissal of the claim is still warranted based on the post-discovery record, as it lacks any evidence supporting the contention that the State departed from accepted medical practice in admitting claimant into, and allowing her to remain in, the voluntary residential program at BPC. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022