[625 NYS2d 740]

Katherine Ambrosio et al., Appellants, v Barnes-Hind, Inc.
et al., Respondents.

Third Department, May 4, 1995

## APPEARANCES OF COUNSEL

*E. Stewart Jones, Jr.,* Troy, for appellants.

*DeGraff, Foy, Holt-Harris & Mealey,* Albany *(Kirk M. Lewis* of counsel),* and *Crosby, Heafey, Roach & May,* Oakland, California *(Joseph P. Mascovich* of counsel), for respondents.

## OPINION OF THE COURT

WHITE, J.

Plaintiff Katherine Ambrosio began wearing contact lenses in 1964 and, in 1975, she was fitted with gas permeable lenses and used a method of cleaning which included rinsing each lens under tap water while allowing it to air dry. She used various cleaning solutions and in the summer of 1988 began using Barnes-Hind gas permeable daily cleaner manufactured by Pilkington Barnes-Hind, Inc. (hereinafter defendant).[1] The packaging information contained instructions specifying two methods of cleaning, a "hands free" and a manual method, both including directions that the user rinse the lenses thoroughly under running tap water. In December 1988, plaintiff began to experience light sensitivity and pain in her right eye and was found to be suffering from a bacterial infection. In January 1989 she lost her vision in the right eye and her condition was subsequently diagnosed as acanthamoebic keratitis. After two corneal transplants and other treatments, her eye condition continued to deteriorate with the ultimate result of surgical removal of her right eye in June 1989.

Plaintiff commenced this action contending that the literature distributed with defendant's cleaning solution did not sufficiently warn of the potential for infection from the use of tap water in the cleaning process. Following plaintiff's motion for additional discovery, defendant cross-moved for summary judgment dismissing the complaint on the ground that, *inter alia,* this action is preempted by Federal law. Supreme Court found that plaintiff's tort claims were preempted by the Medical Device Amendments of 1976 (hereinafter MDA; 21 USC § 301 *et seq.)* to the Federal Food, Drug, and Cosmetic Act and granted defendant's cross motion for summary judgment.

---

1. Plaintiffs sued "Barnes-Hind, Inc." and "Sola/Barnes Hind". Sola Barnes-Hind, Inc. changed its name to Pilkington Barnes-Hind, Inc. in 1993.

The MDA was enacted to provide the public with safe and effective medical devices, with the Food and Drug Administration (hereinafter FDA) responsible for its implementation and enforcement. Under the MDA, medical devices are segregated into three categories for regulation, with class III devices being the most closely regulated. Before a class III device can be marketed, its manufacturer must submit to the FDA a premarketing approval application demonstrating the product's safety and efficacy. It is uncontroverted that the FDA regulated defendant's lens care product as a class III device and that defendant submitted a premarketing approval application for its products containing detailed information as to the testing of these products, as well as its proposed labeling and product literature, for review. This information was evaluated by the FDA and, as a result, the FDA approved defendant's premarketing approval application for the lens care products, as well as the labeling of these products. Defendant's disinfecting solution and daily cleaner were approved for marketing and distribution in March 1984.

The doctrine of Federal preemption found in US Constitution, article VI, clause 2 invalidates any State law which conflicts with or is contrary to a valid Federal statute (see, Maryland v Louisiana, 451 US 725). This doctrine requires courts to examine Congressional intent, which may be explicitly stated in the statutory language or implicitly contained in its structure and purpose; absent explicit language, an intent to supersede State law may be inferred where the scheme of Federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it (see, Fidelity Fed. Sav. & Loan Assn. v De la Cuesta, 458 US 141).

The MDA provides that no State may establish any requirement different from or in addition to any MDA requirements which relate to safety or effectiveness (21 USC § 360k [a]).[2] Since State regulations can be as effectively exerted through

2. 21 USC § 360k (a) reads as follows:

"Except as provided in subsection (b), no State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement—

"(1) which is different from, or in addition to, any requirement applicable under this Act to the device, and

"(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this Act."

an award of damages as through some form of preventive relief, State common-law tort claims may be preempted along with State statutes and regulations *(see, Cipollone v Liggett Group,* 505 US 504; *King v Dupont de Nemours & Co.,* 996 F2d 1346, *cert dismissed* — US —, 114 S Ct 490).

Courts have concluded that Congress intended the preemption of State tort liability where such liability would effectively create a requirement different from or in addition to specific Federal requirements *(see, Fidelity Fed. Sav. & Loan Assn. v De la Cuesta, supra)*. In light of the broad sweep of 21 USC § 360k (a), allegations of inadequate labeling and failure to warn, together with other common-law tort actions, are encompassed within the preemptive scope of the MDA in cases involving class III devices *(see, Mendes v Medtronic, Inc.,* 18 F3d 13; *Stamps v Collagen Corp.,* 984 F2d 1416, *cert denied* — US —, 114 S Ct 86). In *King v Collagen Corp.* (983 F2d 1130, *cert denied* — US —, 114 S Ct 84), where a cosmetic device was the subject of MDA regulation as a class III device, State tort claims including negligence, product misbranding and failure to warn were preempted.

In interpreting a similar preemption provision, the United States Supreme Court in *Cipollone v Liggett Group (supra)* concluded that the Public Health Cigarette Smoking Act of 1969 expressly preempted State common-law tort claims, while this Court in *June v Laris* (205 AD2d 166) held that the Federal Insecticide, Fungicide and Rodenticide Act (hereinafter FIFRA) preempted a plaintiff's common-law State action for failure to warn, where the language of FIFRA prohibited a State from imposing any requirements for labeling or packaging in addition to or different from those required under FIFRA *(see, supra,* at 171; *see also, Warner v American Flouride Corp.,* 204 AD2d 1).

In a case recently decided by the Eighth Circuit Court of Appeals, which involved a corneal infection and lost vision after using a soft contact lens disinfectant system, the court found that the MDA preempted State tort claims involving the safety and effectiveness of class III devices when said claims would impose additional requirements in areas regulated through the premarket approval process *(Martello v Ciba Vision Corp.,* 42 F3d 1167). Therefore, claims of strict liability, breach of express and implied warranties, misrepresentation, failure to warn, and negligence in design, manufacturing and labeling were dismissed *(see, supra,* at 1169).

The plain language of the MDA's preemption clause, when viewed in light of its legislative history and the weight of authority in this area, leads us to conclude that the MDA preempts plaintiff's common-law tort claims and thus we affirm Supreme Court's granting of summary judgment.

CARDONA, J. P., CREW III, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, with costs.