OPINION OF THE COURT
Peters, P.J.
The federal Public Readiness and Emergency Preparedness Act (hereinafter PREP Act) (see Pub L 109-148, 119 US Stat 2680 [109th Cong, 1st Sess, Jan. 7, 2005]) authorizes the Secretary of Health and Human Services to take such action as necessary to respond to a public health emergency (see 42 USC § 247d [a] [1], [2]). In 2009, in response to an outbreak of the H1N1 influenza virus, the Secretary determined that a public health emergency existed and issued declarations recommending the administration of the influenza antiviral vaccination Peramivir (see 74 Fed Reg 50968 [2009]; 74 Fed Reg 51153 [2009]). In response, then Governor Paterson issued an executive order declaring a disaster emergency with respect to the influenza outbreak, which authorized state and local health departments to establish immunization programs in order to facilitate the timely distribution and administration of the 2009 H1N1 influenza vaccine (see Executive Order [Paterson] No. 29 [9 NYCRR 7.29]).
On December 3, 2009, pursuant to the Secretary’s declarations, defendant St. Lawrence County Public Health Department (hereinafter defendant) held a vaccination clinic at defendant Lisbon Central School in the Town of Lisbon, St. Lawrence County. Although plaintiff did not execute a parental consent form authorizing the inoculation of her daughter, then a kindergartner, a nurse employed by defendant nonetheless administered a vaccination to the child. Accordingly, plaintiff commenced this action alleging that the administration of the *142 inoculation without consent constituted negligence and resulted in a battery upon her daughter.[1] Defendant moved to dismiss the complaint against it for lack of subject matter jurisdiction on the ground of federal preemption. Supreme Court, finding that the protections of the PREP Act do not extend to situations in which a governmental entity administers a drug without consent, denied the motion. This appeal by defendant ensued.[2]
The sole issue presented on appeal is whether the PREP Act preempts plaintiffs state law claims for negligence and battery. We hold that is does.
In determining whether a federal law preempts a state law cause of action, the determinative inquiry is “Congress’ intent in enacting the federal statute at issue” (Shaw v Delta Air Lines, Inc., 463 US 85, 95 [1983]). Federal preemption “may be either express or implied, and ‘is compelled whether Congress’ command is explicitly stated in the statute’s language or implicitly contained in its structure and purpose’ ” (id., quoting Jones v Rath Packing Co., 430 US 519, 525 [1977]). Where, as here, a federal law contains an express preemption clause, “[the] ‘focus [is] on the plain wording of the clause, which necessarily contains the best evidence of Congress’ preemptive intent’ ” (Chamber of Commerce of U.S. v Whiting, 563 US —, —, 131 S Ct 1968, 1977 [2011], quoting CSX Transp., Inc. v Easterwood, 507 US 658, 664 [1993]; see Drattel v Toyota Motor Corp., 92 NY2d 35, 42 [1998]; Matter of Amoah v Mallah Mgt., LLC, 57 AD3d 29, 31 [2008]).
The preemption clause of the PREP Act provides that, during the effective period of a declaration of a public health emergency, “no State . . . may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement that... (A) is different from, or is in conflict with, any requirement applicable under this section; and (B) relates to the . . . use, . . . dispensing, or administration by qualified persons of the covered countermeasure” (42 USC § 247d-6d [b] [8]).[3] In the context of preemption, “[a]bsent other indication, reference to a State’s ‘requirements’ includes *143 its common-law duties” (Riegel v Medtronic, Inc., 552 US 312, 324 [2008]; see Bates v Dow Agrosciences LLC, 544 US 431, 441 [2005]). In other words, “[s]ince State regulations can be as effectively exerted through an award of damages as through some form of preventive relief, State common-law tort claims may be preempted along with State statutes and regulations” (Ambrosio v Barnes-Hind, Inc., 211 AD2d 70, 72-73 [1995]; see Riegel v Medtronic, Inc., 552 US at 324; Bates v Dow Agrosciences LLC, 544 US at 441; Cipollone v Liggett Group, Inc., 505 US 504, 521 [1992]; San Diego Building Trades Council v Garmon, 359 US 236, 247 [1959]).
Liability protections for pandemic countermeasures taken by certain “covered persons” in response to a declaration of a public health emergency by the Secretary are specifically provided for in the PREP Act (see 42 USC § 247d-6d [a], [b]). It provides that “a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to ... an individual of a covered countermeasure” pursuant to a declaration of, among other things, a public health emergency (42 USC § 247d-6d [a] [1] [emphasis added]). The statute broadly defines “loss” as “any type of loss, including . . . physical, mental, or emotional injury” or fear thereof (42 USC § 247d-6d [a] [2] [A] [ii]-[iii]), and provides that its immunity provision applies to “any claim for loss that has a causal relationship with the administration to ... an individual of a covered countermeasure,” including, among other things, “dispensing [and] administration” (42 USC § 247d-6d [a] [2] [B] [emphasis added]). The “sole exception” to immunity from suit and liability is a federal action for “death or serious physical injury proximately caused by willful misconduct” (42 USC § 247d-6d [d] [l]).[4]
Considering the breadth of the preemption clause together with the sweeping language of the statute’s immunity provi *144 sion, we conclude that Congress intended to preempt all state law tort claims arising from the administration of covered countermeasures by a qualified person pursuant to a declaration by the Secretary, including one based upon a defendant’s failure to obtain consent (see Bruesewitz v Wyeth LLC, 562 US —, —, 131 S Ct 1068, 1088 [2011]). Notably, Congress created an alternative administrative remedy—the Countermeasures Injury Compensation Program—for covered injuries stemming from countermeasures taken in response to the declaration of a public health emergency (see 42 USC § 247d-6e [a]; 74 Fed Reg at 51154),[5] as well as a separate federal cause of action for wrongful death or serious physical injury caused by the willful misconduct of covered individuals or entities (see 42 USC § 247d-6d [d]). The provision of these exclusive federal remedies further supports our finding of preemption.
We are unpersuaded by plaintiffs assertion that immunity pursuant to the PREP Act does not extend to qualified persons who administer a covered countermeasure to an individual without consent. The immunity provisions of the PREP Act are triggered where, as here, the vaccines are purchased pursuant to a federal contract or agreement (see 75 Fed Reg 63656, 63658 [2010]) and, despite plaintiffs assertions to the contrary, Executive Order No. 29 neither defines nor otherwise places limitations upon the scope or applicability of such immunity.[6] Plaintiff also asserts that Congress could not have intended to immunize such “radical measures” as administering a vaccination without consent. It is not our role, however, to speculate upon congressional judgments. Rather, we must presume that Congress fully understood that errors in administering a vaccination program may have physical as well as emotional consequences, and determined that such potential tort liability must give way to the need to promptly and efficiently respond to a pandemic or other public health emergency.
Based on the foregoing, we conclude that plaintiffs state law claims for negligence and battery are preempted by the PREP Act and, inasmuch as the exclusive remedy under the statute is a federal cause of action to be brought in federal court, the *145 complaint must be dismissed for lack of subject matter jurisdiction.
Rose, Malone Jr., Stein and Egan Jr., JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant St. Lawrence County Public Health Department to dismiss the complaint against it; motion granted and complaint dismissed against said defendant; and, as so modified, affirmed.

. Supreme Court granted Lisbon Central School’s motion to dismiss the complaint against it for failure to state a cause of action.

. The United States and the State of New York have each submitted an amicus brief in support of defendant’s position.

. “Qualified person” is defined as “a licensed health professional or other individual who is authorized to prescribe, administer, or dispense such countermeasures under the law of the State in which the countermeasure was *143 prescribed, administered, or dispensed [or] a person within a category of persons so identified in a declaration by the Secretary” (42 USC § 247d-6d [i] [8]).

. Here, there is no dispute concerning whether defendant is a “covered person” within the meaning of 42 USC § 247d-6d. Furthermore, as the complaint seeks damages for unspecified physical and mental injuries suffered by plaintiffs daughter as a result of the administration of the 2009 H1N1 influenza virus vaccine, plaintiffs claim for loss clearly arises out of, and has a causal relationship with, the administration of a covered countermeasure (see 42 USC § 247d-6d [a] [1], [2] [B]).

. “ ‘[C]overed injury’ means serious physical injury or death” (42 USC § 247d-6e [e] [3]).

. Even if, as plaintiff suggests, Executive Order No. 29 attempted to do so, such an attempt would run afoul of the PREP Act’s preemption clause, which expressly precludes the enforcement of state law requirements that are inconsistent with its provisions (see 42 USC § 247d-6d [b] [8] [A]).